**STATE of Iowa, Appellant,**

v.

**Kari Ann LANDALS, Appellee.**

**No. 90–1077.**

Supreme Court of Iowa.

Feb. 20, 1991.

Thomas J. Miller, Atty. Gen., Merrell M. Peters, Acting Sp. Asst. Atty. Gen., and Carolyn J. Olson, Asst. Atty. Gen., for appellant.

Robert J. Kromminga, Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and LAVORATO, JJ.

LAVORATO, Justice.

In July 1989 Kari Ann Landals was convicted of OWI, third offense. *See* Iowa Code § 321J.2 (1989). The sentencing court ordered the Iowa department of transportation (DOT) to revoke Landals' motor vehicle license for six years. *See* Iowa Code § 321J.4(3)(a).

The following September the State filed an habitual offender petition pursuant to Iowa Code section 321.556. The next month the district court heard the matter.

The court found that Landals had been convicted of three OWI offenses within a six-year period. But the court dismissed the petition because the defendant's license had already been revoked for six years in the criminal proceeding. It is from this ruling that the State appeals.

We reverse and remand with directions.

On appeal the State poses the issue this way: whether a person who has accumulated three OWI convictions within a six-year period is exempt from the habitual offender provision if the person's license has already been revoked for six years under Iowa Code section 321J.4(3)(a). For reasons that follow we hold that such a person is not exempt from the habitual offender provision.

Pertinent to the facts in this case, "habitual offender" is defined in section 321.555 as follows:

As used in this division, "habitual offender" means any person who has accumulated convictions for separate and distinct offenses described in subsections 1, 2, or 3, committed after July 1, 1974, for which final convictions have been rendered, as follows:

1. Three or more of the following offenses, either singularly or in combination, within a six-year period:

. . . .

b. Operating a motor vehicle in violation of section 321J.2.

. . . .

The district court found that Landals had been convicted of OWI in violation of section 321J.2 on three separate occasions within the last six years. The district court, however, refused to find that Landals was an habitual offender because her license had already been suspended for six years due to the same three violations. Had the three violations been of different offenses listed in section 321.555(1), the district court hinted its decision might have been different.

Section 321.555(1) refers to "[t]hree or more of the following offenses, either singularly or in combination, within a six-year period." The word "singularly"

makes it clear that all three offenses can be the same. When a statute is plain and its meaning is clear—like this statute—we should not reach for meaning beyond its express terms. *State v. Tuitjer,* 385 N.W.2d 246, 247 (Iowa 1986). Nor should we resort to rules of statutory construction. *Elliott v. Iowa Dep't of Public Safety,* 374 N.W.2d 670, 672 (Iowa 1985).

Iowa Code section 321.559 authorizes the district court to dismiss an habitual offender petition only

> [i]f the court finds that the defendant is not the same person named in the abstract, or that the defendant is not an habitual offender as provided in the [habitual offender] division....

The abstract referred to is the abstract of conviction record maintained by the DOT. *See* Iowa Code § 321.556. Landals never alleged she was not the person named in the abstract of conviction record. And the district court specifically found that Landals was convicted of three OWI offenses between 1985 and 1989. In these circumstances the court had only one option: to adjudicate Landals an habitual offender under section 321.555(1).

We understand the district court's reluctance to adjudicate Landals an habitual offender. Her license had already been revoked for six years for the same offenses. So the habitual offender action seems to smack of overkill.

In oral argument the State vigorously defended its action by pointing out that there are additional consequences flowing from an habitual offender adjudication. For example, an adjudicated habitual offender stands to receive a more severe sentence if convicted of operating a motor vehicle in this state during the time the person's license is barred under section 321.560. Such a conviction constitutes an aggravated misdemeanor. *See* Iowa Code §§ 321.561, 903.1 (imprisonment not to exceed two years, or a fine not to exceed five thousand dollars, or both). In contrast, a conviction of operating a motor vehicle during the period of revocation under section 321J.4(3)(a) constitutes a serious misdemeanor. *See* Iowa Code §§ 321J.21, 903.1 (imprisonment not to exceed one year, or a fine not to exceed one thousand dollars, or both).

In any event, the district court does have some discretion to ameliorate this seemingly harsh result. Under section 321.560 no license can be issued to an habitual offender "for a period of not less than two years nor more than six years from the date of judgment as ordered by the court." Iowa Code § 321.560. So apparently the district court can structure the habitual offender bar for such a period of time that Landals does not lose her license for more than a total of six years.

Because the district court should have adjudicated Landals an habitual offender, we reverse its decision refusing to do so. We remand for an order adjudicating Landals an habitual offender. In its order the district court shall determine how long the bar of section 321.560 shall run from the date of the court's judgment.

REVERSED AND REMANDED WITH DIRECTIONS.