**STATE of Iowa, Appellant,**

v.

**Terry Mark WALKER, Appellee.**

**No. 90–792.**

Court of Appeals of Iowa.

May 29, 1991.

Bonnie J. Campbell, Atty. Gen., and Robert P. Ewald, Asst. Atty. Gen., for appellant.

Gerald Kinnamon and J. Nicholas Russo, Iowa City, for appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SCHLEGEL, Judge.

The State of Iowa appeals pursuant to Iowa Code section 814.5(1)(b), challenging a district court order dismissing a charge of driving while barred as an habitual offender. Iowa Code §§ 321.555, 321.560, 321.561 (1989). The State urges that the trial court erred in finding that defendant Terry M. Walker, who pleaded guilty to a charge of driving while suspended under chapter 321A of the Code, would be placed in double jeopardy by dual charges under chapters 321 and 321A. We agree and, therefore, reverse the order of dismissal. We remand with directions to reinstate the charge and for further proceedings.

The facts are not disputed. An Iowa City police officer stopped Walker for having expired license plates. A computer check revealed the fact that Walker is an habitual traffic offender. Walker was charged immediately with two offenses: driving while his license was barred as an habitual offender, Iowa Code §§ 321.555 *et seq.*, and driving while suspended because of failure to give proof of financial responsibility, Iowa Code § 321A.32.

Iowa Code sections 321.555 *et seq.* fall under the subchapter pertaining to habitual offender in the chapter regulating motor vehicles and the law of the road. Section 321.561 defines an "aggravated misdemeanor" and states: "It shall be unlawful for any person to operate any motor vehicle in this state during the period of time specified in section 321.560 [prohibiting issuance of a license to habitual offenders]."

Iowa Code section 321A.32 falls under the subchapter establishing penalties for violations of the chapter pertaining to motor vehicle financial responsibility. Section 321A.32(1) defines a "serious misdemeanor" and states, in relevant part:

> Any person whose license ... continues to remain suspended or revoked under this chapter, and who, ... during such continuing suspension ..., drives any motor vehicle upon any highway ..., except as permitted under this chapter, shall be guilty of a serious misdemeanor.

According to the minutes of testimony, the State was prepared to prove that Walker's license previously had been barred or suspended under both chapter 321 and chapter 321A. The State was also prepared to prove that Walker had been driving in violation of both of those chapters.

Walker pleaded guilty to the chapter 321A serious misdemeanor and not guilty to the chapter 321 aggravated misdemeanor. (A "serious misdemeanor" carries lighter penalties than an "aggravated misdemeanor." *Compare* Iowa Code § 903.-1(1)(b) *with* Iowa Code § 903.1(2).) The district court accepted the guilty plea and dismissed the charge under sections 321.-555 *et seq.* The court stated:

It's been the Court's ruling in the past, certainly in double jeopardy, that the State has alleged one thing, being 2 times or 10 times or 12 times, depending on how many driving under suspensions you can file, there is one act of driving, it's been the Court's position that you can only convict on one count of driving regardless of what statute it's under.

"The Double Jeopardy Clause embodies three protections: 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *Grady v. Corbin,* —— U.S. ——, 110 S.Ct. 2084, 2090, 109 L.Ed.2d 548, 561 (1990) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). The first and second guarantees are not implicated here because the State brought these charges in a single proceeding and because the State need not prove conduct that constitutes an offense for which the defendant has already been convicted. *Id.* —— U.S. at ——, 110 S.Ct. at 2093, 109 L.Ed.2d at 564.

In this case, we decide whether the prosecution violates the third protection, the constitutional guarantee against multiple punishments imposed for a single offense.

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether each provision requires proof of a fact which the other does not.

*Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *see also State v. Jeffries,* 430 N.W.2d 728, 735 (Iowa 1988). Thus, a single act may be punishable under two differ-

ent statutes if the elements of the crimes defined truly differ. For example, exceeding the posted speed limit while driving through a red stop light may be punished under Iowa Code section 321.285 (1991) and section 321.256 (1991) without offending the fifth amendment. The only common element in the example is driving; the other critical elements, exceeding the speed limit and disobeying a traffic-control device, are dissimilar.

As in our example, it is apparent that the only common element in violations of sections 321.555 *et seq.* and 321A.32 is the act of driving. To prove a violation of sections 321.555 *et seq.,* the State must also show that the accused committed the act while barred by court order adjudging the accused an habitual offender. To prove a violation of section 321A.32(1), the State must also show that the accused committed the act while suspended by the DOT for failure to maintain proof of financial responsibility.[1]

Walker makes the only argument that he can: that the evidence relating to his being barred or suspended is the same evidence. Admittedly, the evidence may be superficially of the same type, but the facts revealed by the evidence in support of each charge clearly differ. The State must do more than show that the accused did not have a license. Rather like speeding through a red light, Walker committed two distinguishable offenses when he drove his car onto a public road—one against the motor vehicle code and one against the financial responsibility law. We conclude that this was a single prosecution for multiple offenses which did not violate the prohibition against double jeopardy.

Although it did not discuss any constitutional ramifications of its decision, the Iowa

---

1. Iowa Code section 321A.17 requires proof of financial responsibility upon certain convictions. Because of a prior conviction which is not a subject of this appeal, the DOT suspended Walker's license and required Walker to give proof of financial responsibility before applying for a license and registering his vehicle. The sanctions of section 321A.32 are applicable only after this additional restriction is imposed. It appears that the State was prepared to show that Walker's license was indefinitely suspended

pursuant to 321A.17. The present case does not create the problem addressed in *Grady v. Corbin,* —— U.S. ——, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548, 564 (1990), for the simple reason that the conviction under section 321.555 *et seq.* sought here was not necessary to the conviction under section 321A.32. We note that the prior conviction supplied the cause for imposing the financial responsibility requirement, but was not an element in a criminal prosecution.

Supreme Court reached a similar conclusion in *State v. Landals,* 465 N.W.2d 660 (Iowa 1991), which was decided shortly before this case was submitted to us. Landals had been convicted of her third offense of operating while intoxicated in violation of chapter 321J. The State filed an habitual offender petition a month later under chapter 321. The district court in that case dismissed the petition because her license had already been, revoked. The supreme court noted:

> Iowa Code section 321.559 authorizes the district court to dismiss an habitual offender petition only
>
> > [i]f the court finds that the defendant is not the same person named in the abstract, or that the defendant is not an habitual offender as provided in the [habitual offender] division....
>
> The abstract referred to is the abstract of conviction record maintained by the DOT. *See* Iowa Code § 321.556.

*Landals,* 465 N.W.2d at 662. Because the district court had found that Landals fell within the definition of an habitual offender but declined to adjudicate her as such, the supreme court reversed. While recognizing that "the habitual offender action seems to smack of overkill," *id.* at 663, the court, at least implicitly, held that the two penalties, even in separate prosecutions, could be imposed without offending the fifth amendment protection against double jeopardy.

We hold that a single prosecution involving one charge of driving while barred as an habitual offender, Iowa Code § 321.555 *et seq.,* and one charge of driving while suspended for failure to give proof of financial responsibility, Iowa Code § 321A.32, does not violate the fifth amendment protection against double jeopardy. We also find that there is no claim that Walker is not the same person named in the DOT abstract and that the trial court made no findings on the issue of whether Walker was an habitual offender at the time of his arrest. We therefore reverse that part of the district court's order which granted dismissal and remand with directions to reinstate the charge under Iowa Code sections 321.555 *et seq.*

REVERSED AND REMANDED WITH DIRECTIONS.