**IOWA DEPARTMENT OF TRANSPORTATION,**
Plaintiff,

v.

**IOWA DISTRICT COURT FOR MADISON COUNTY,**
Defendant.

No. 94–625.

Supreme Court of Iowa.

March 29, 1995.

Thomas J. Miller, Atty. Gen., David Ferree, Gen. Counsel, and Carolyn J. Olson, Asst. Atty. Gen., for plaintiff.

G. Stephen Walters of Jordan, Oliver & Walters, Winterset, for defendant.

Considered by LARSON, P.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

PER CURIAM.

The district court adjudicated John Sellers an habitual offender after he accumulated three operating-while-intoxicated (OWI) offenses in a six-year period in violation of Iowa Code section 321.555(1) (1991). The court later granted Sellers' application for restoration of eligibility for a motor vehicle license pursuant to section 321J.4(3)(b). The Department of Transportation (DOT) brought this certiorari action challenging the district court's order directing it to restore Sellers' driving privileges. The DOT's petition for writ of certiorari was granted. We sustain the writ.

On December 16, 1991, John Sellers was convicted of OWI, third offense, in violation of Iowa Code section 321J.2. Pursuant to section 321J.4(3)(a), the district court directed the DOT to revoke Sellers' driver's license for six years.

On August 24, 1992, the district court adjudicated Sellers an habitual offender for having three OWI convictions within a six-year period. *See* § 321.555(1)(b). Pursuant to section 321.560, the district court notified the DOT that Sellers' license was barred for a six-year period beginning on December 26, 1991 (the date the last OWI conviction was filed).

On March 21, 1994, Sellers filed an application for restoration of his eligibility for a motor vehicle license pursuant to section 321J.4(3)(b). Section 321J.4(3)(b) provides:

> After two years from the date of the order for revocation, the defendant may apply to the court for restoration of the defendant's eligibility for a motor vehicle license. The application may be granted only if all the following are shown by the defendant by a preponderance of the evidence:
>
> . . . .
>
> (4) The defendant's motor vehicle license is not currently subject to suspension or revocation for any other reason.

In his application, Sellers alleged his motor vehicle license was not currently subject to suspension or revocation for any reason other than the three convictions for OWI set forth in the abstract of convictions. The county attorney did not resist Sellers' application, and the district court granted it.

The DOT filed this petition for writ of certiorari challenging the district court's order directing it to restore Sellers' driving privileges. Certiorari is appropriate when the district court has exceeded its jurisdiction or has acted illegally. Iowa R.Civ.P. 306; *Whitlock v. Iowa Dist. Court*, 497 N.W.2d 891, 893 (Iowa 1993). "Illegality exists when the findings on which the court has based its conclusions of law do not have substantial evidentiary support or when the court has not applied the proper rule of law." *Id.* Unless otherwise specially provided by statute, the judgment on certiorari is limited to sustaining the proceedings below, or annulling them wholly or in part, to the extent that they were illegal or in excess of jurisdiction. Iowa R.Civ.P. 316.

The DOT claims that section 321J.4(3)(b) does not authorize the district court to restore Sellers' driver's license because Sellers' license is subject to suspension or revocation for a reason other than his OWI convictions, that is, his license is barred as an habitual offender. We agree.

A person can be adjudicated an habitual offender under section 321.555(1) even though their license has been revoked for the same three OWI offenses under section 321J.4. *See State v. Landals*, 465 N.W.2d 660 (Iowa 1991). Additional consequences flow from an habitual offender adjudication. *See id.* at 662 (noting that driving while revoked is a serious misdemeanor, but driving while barred as an habitual offender is an aggravated misdemeanor). In fact, we have previously alluded to the precise consequence presented here. *See State v. Pettit*, 360 N.W.2d 833, 836 (Iowa 1985) (noting that revocation under section 321.281(9)(a) (now codified at 321J.4) could be reduced to two years but that section 321.560 contains no such provision). The habitual offender bar

is, therefore, different than the section 321J.4 revocation.

Because Sellers' license is subject to revocation for another reason—his habitual offender adjudication—Sellers failed to prove by a preponderance of the evidence that he complied with the fourth condition of section 321J.4(3)(b). The district court was, therefore, without authority to order the restoration of Sellers' eligibility for driving privileges under section 321J.4(3)(b). *Cf. State v. Meyer,* 500 N.W.2d 73 (Iowa 1993) (defendant's license under suspension for extension of a revocation for driving while revoked is under suspension for a reason other than initial OWI suspension and, thus, defendant is ineligible for 321J.4(3)(b) license eligibility restoration).

We sustain the writ and annul the district court's order to the DOT to restore Sellers' driving privileges.

**WRIT SUSTAINED.**