The STATE of Ohio, Appellee,

v.

MERGY, Appellant.

[Cite as *State v. Mergy* (1995), 105 Ohio App.3d 646.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–941001 through C–941004.

Decided Aug. 9, 1995.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Tina I. Ernst*, Assistant Prosecuting Attorney, for appellee.

*James R. Schimanski*, for appellant.

PAINTER, Judge.

Defendant-appellant Robert Mergy appeals from the imposition of multiple sentences by the Hamilton County Municipal Court following conviction on four traffic citations issued at one time for operating a motor vehicle under suspension in violation of R.C. 4507.02.

At various times in 1993 and 1994, Mergy received four license suspensions all related to an 1993 automobile accident.[1] On November 18, 1994, following a valid traffic stop, Mergy was issued four traffic citations—one for each previous suspension. Mergy appeared before the Hamilton County Municipal Court. He

---

1. The charge in case No. C–94TRD–46098A was premised upon a violation of R.C. 4507.02(B)(1) for failure to file an accident report. The charge in case No. C–94TRD–46098B arose from a security suspension in violation of the same section of the Revised Code. The charge in case No. C–94TRD–46098C resulted from the same violation, but arose from a suspension for noncompliance with the financial responsibility law. The last charge, in case No. C–94TRD–46098D involved a court-ordered suspension for violation of R.C. 4507.02(D).

waived the assistance of counsel and entered a plea of no contest to each of the four charges.

The court found Mergy guilty of each charge and imposed the following sentences:

"On the A charge, 200 and costs; one year's driving suspension; 15 and costs noncompliance. The B charge, 90 days suspend 80; 250 and costs; one year's probation; two years' driving suspension; days consecutive on suspension and incarceration. C charge, 90 days; suspend 60; 300 and costs; one year's probation; one year's driving suspension; all days consecutive. The D charge, 180 days; suspend 120; 350 and costs; two years' probation; two years' driving suspension; consecutive; 30 days immobilization."

The court granted motions for appeal bonds and stayed execution of sentence on the first three offenses. The stay was denied on the D charge, challenged in appeal No. C–941004. Three days before Christmas 1994, and following a period of incarceration, the court granted Mergy's motion to mitigate. The court suspended the balance of the sentence of incarceration provided that the fines and costs imposed were paid.

■ In these consolidated appeals,[2] Mergy raises a single assignment of error, claiming that the trial court erred in imposing sentence on each of the four charges when the conduct which triggered each charge was the same act. We agree.

We note as an initial matter that Mergy did not raise the issue of multiple punishment when sentenced by the trial court. Therefore, it is waived and will not be noticed by the court of appeals unless it is plain error. Crim.R. 52(B). Exercising our discretion to address the merits of the allied-offense issue, we review the record for prejudicial and plain error without which the results clearly would have been otherwise. *State v. Fields* (1994), 97 Ohio App.3d 337, 646 N.E.2d 866.

The guarantees against double jeopardy contained in Section 10, Article I of the Ohio Constitution and the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, protect against "both successive punishment and successive prosecution." *United States v. Dixon* (1993), 509 U.S. 688, 704, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556, 573 (citing *N. Carolina v. Pearce* [1969], 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656; *State v. Thomas* (1980), 61 Ohio St.2d 254, 15 O.O.3d 262, 400 N.E.2d 897, paragraph two of the syllabus.

---

2. We have *s··a sponte* removed this cause from the accelerated calendar.

R.C. 2941.25 embodies this protection and guards against multiple punishment for one offense by providing:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

▉ The doctrine of allied offenses of similar import defined in R.C. 2941.25 is the benchmark for determining the validity of multiple punishments for the same conduct. *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 83, 549 N.E.2d 520, 522; *State v. Blankenship* (1988), 38 Ohio St.3d 116, 526 N.E.2d 816. Two statutory offenses constitute allied offenses of similar import if the elements of the respective offenses correspond to such a degree that the commission of one offense will result in the commission of the other offense. If the offenses are not allied and of similar import, the analysis ends there, and the defendant may be charged with, found guilty of, and sentenced for both offenses. If, however, the offenses are allied offenses of similar import, the court must further determine whether the offenses were committed separately or with a separate animus as to each. *State v. Blankenship, supra.*

"The first step requires the court to examine the facts of the alleged crimes in light of the statutory elements to see if the commission of one crime will result in the commission of the other." *State v. Fields,* 97 Ohio App.3d at 345, 646 N.E.2d at 871. Here, it is beyond cavil that by the single act of operating a motor vehicle Mergy committed all four offenses of operating a motor vehicle under suspension. The commission of one necessarily resulted in the commission of the others.

Under the second step, Mergy may be sentenced for all four offenses if he committed the crimes with a separate animus or separate conduct. *Newark v. Vazirani,* 48 Ohio St.3d at 84, 549 N.E.2d at 523; *State v. Blankenship,* 38 Ohio St.3d at 117, 526 N.E.2d at 817. Again, to complete all four offenses, Mergy performed only one act—operating a motor vehicle while under suspension. At trial, the state needed only to prove that one course of conduct. To uphold all of these convictions, we would be compelled to hold that Mergy, by driving one vehicle down one street at one time could be sentenced for four crimes. Such a result would be ludicrous at best.

Therefore, the four offenses are allied offenses of similar import. The trial court sentenced Mergy four times for the same criminal act. This is precisely

what the constitutional prohibition against multiple punishments guards against. The Double Jeopardy Clause "was designed as much to prevent the criminal from being twice punished for the same offence as from being twice tried for it." *Ex parte Lange* (1874), 85 U.S. 163, 173, 21 L.Ed. 872, 878.

We hold that Mergy suffered prejudicial plain error by the imposition of multiple sentences for violating various types of prohibitions of driving under suspension. One act of driving under suspension can give rise to one conviction only; though Mergy may have been driving under various kinds of suspension, he may be sentenced for only one violation. *Newark v. Vazirani, supra.* Moreover, had the error not occurred, the results clearly would have been otherwise— Mergy would have been sentenced for only one of the suspensions. He would have received substantially less in penalties, and his criminal record would reveal three fewer convictions than it otherwise would. We also note that the trial judge compounded the original error of convicting Mergy on all charges by designating some of the sentences as consecutive. See *State v. Burl* (Dec. 16, 1992), Hamilton App. Nos. C–920167 and C–920194, unreported, 1992 WL 380020. Mergy, therefore, suffered plain error. The assignment of error is sustained.

Ordinarily, upon a determination that multiple punishments have erroneously been imposed, this court would vacate the sentences and remand for the prosecution to "sooner or later * * * elect * * * which offense it wishes to pursue" for sentencing. Legislative Service Commission comment accompanying R.C. 2941.25. As the Ohio Supreme Court explained, "the choice is given to the prosecution to pursue one offense or the other, and it is plainly the intent of the General Assembly that the election may be of either offense." *Maumee v. Geiger* (1976), 45 Ohio St.2d 238, 244, 74 O.O.2d 380, 384, 344 N.E.2d 133, 137.

At the one and only hearing during which Mergy entered his plea, was found guilty and was sentenced by the court, the prosecution, in effect, chose the punishment it sought by acquiescing in the trial court's imposition of sentence. Later when Mergy sought a stay of execution pending appeal, the trial court denied the stay on the charge on which it imposed the harshest penalty, which has already been partially served. Therefore, no purpose would be served by a remand, except to require needless churning of the matter.

Exercising the authority granted us under App.R. 12(B), we hold that the entry of judgment, including the sentences imposed, on each conviction challenged in appeal Nos. C–941001, C–941002, and C–941003 is reversed and Mergy is discharged on each conviction. We affirm the conviction and the imposition of sentence in case No. C–94TRD–46098D, challenged in appeal No. C–941004.

*Judgment affirmed in part*
*and reversed in part.*

GORMAN, P.J., and SUNDERMANN, J., concur.