Appellant Juba Abdullah Ali, a.k.a. Eddie Jenkins, a.k.a. Abdullah Shahid, appeals from his conviction and his adjudication as a sexual predator in the Summit County Court of Common Pleas. We affirm.
In the summer of 1997, appellant became acquainted with Doris Scott, a nineteen-year-old woman who lived in his neighborhood in Akron, Ohio. During the summer, Scott helped appellant on a catering job in Canton. She also modeled Muslim clothing for appellant in a park on one occasion.
On July 19, 1997, appellant asked Scott to help him at another catering job. She agreed and met him at a neighborhood carryout business. He picked her up in his van and drove off. Soon after she entered the van, appellant offered Scott some marijuana. She accepted, and the two smoked the joint as they drove.
However, instead of driving to Canton, appellant drove to a motel in the city of Green. He rented a room and told Scott that she was to model Muslim clothing for a while. The two entered the room, and appellant gave Scott some clothing and told her to change into it. She complied. He told her to pose on the bed while he took pictures. As the posing continued, appellant took off Scott's underwear and began taking photographs of her genital area. Scott began to cry and asked appellant to cease. Appellant then spoke to her in a "mean" and "demanding" voice, further frightening her. During the encounter, appellant touched Scott's breast and inserted his fingers into her vagina.
Appellant then ordered Scott to change into another set of clothing and pose on the bed. She complied again. After she did this, appellant took more photographs. He then pulled off her underwear and inserted his penis into her vagina. Scott moved away and stopped appellant from continuing to engage in intercourse with her. After Scott asked for a third time to be taken home, appellant angrily ordered her to put her clothes on. Scott dressed, and they left in appellant's van.
During the trip back to Scott's home, she had appellant stop at a Subway shop, where she bought two sandwiches. Appellant then dropped her off down the street from her home, and she walked the rest of the way. Later that night, Scott told a friend and her (Scott's) mother what appellant had done. However, the police were not contacted until two days later.
The Summit County Grand Jury indicted appellant on two counts of rape, one count of gross sexual imposition, one count of kidnapping, and one count of carrying a concealed weapon. After a jury trial in the Summit County Court of Common Pleas, appellant was found guilty of gross sexual imposition and not guilty of carrying a concealed weapon; the jury was hung on the remaining counts. The trial court sentenced appellant to eighteen months in prison on the gross sexual imposition charge and adjudicated appellant to be a sexual predator. Appellant appealed to this court, and we affirmed the trial court. State v. Ali (Sept. 9, 1998), Summit App. No. 18841, unreported ("Ali I").
The two rape counts and the kidnapping count were retried before a jury on April 20-23, 1998. The jury found appellant guilty of one count of rape and one count of kidnapping and not guilty of the second count of rape. A sentencing/sexual predator hearing was held on May 12, 1998. At the hearing, the trial court again found appellant to be a sexual predator. The trial court sentenced appellant to a ten year prison term for the rape charge and a ten year prison term for the kidnapping charge, and further ordered that the two sentences be served consecutive to one another and consecutive to the prison sentence previously imposed for gross sexual imposition. Appellant again appeals to this court, assigning eight errors.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT'S IMPOSITION OF TWO SENTENCES FOR TWO OFFENSES ARISING OUT OF THE SAME INCIDENT WAS CONTRARY TO LAW.
Appellant argues that the trial court should have merged the rape and kidnapping convictions for purposes of sentencing because rape and kidnapping are allied offenses of similar import. We disagree.
R.C. 2941.25 states:
 (A) Where the same conduct by [the] defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In order to determine if two offenses are allied offenses of similar import, a two-part test is used.
 In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.
(Emphasis sic.) Newark v. Vazirani (1990), 48 Ohio St.3d 81, syllabus. No one factor is dispositive in determining whether there were separate acts or animi. State v. Jones (1997), 78 Ohio St.3d 12,14.
In the first step of our analysis, we conclude that kidnapping and rape are allied offenses of similar import. Appellant was convicted of kidnapping and forcible rape. "Kidnapping is `implicit within every forcible rape.'" State v.Powell (1990), 49 Ohio St.3d 255, 262, quoting State v. Mitchell
(1983), 6 Ohio St.3d 416, 418.
In the second step of our analysis, we conclude that the rape charge and the kidnapping charge were committed separately. R.C.2905.01(A)(4) states: "No person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, * * * [t]o engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will." R.C.2907.02(A)(2) states: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." In the case at bar, appellant got Scott to get into his van and drive with him by deceiving her about a catering job. The asportation by deception was significantly independent of the force appellant used to compel Scott to submit to him. Where an asportation by deception is significantly independent of an asportation incidental to a rape, the rape and the kidnapping constitute two separate offenses. State v. Ware (1980), 63 Ohio St.2d 84, 87; State v.DePina (1984), 21 Ohio App.3d 91, 92-93. Thus, the record supports a finding that the independence of the asportation and the force presented two separate offenses. Appellant was properly convicted of both kidnapping and rape. Accordingly, the first assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED IN IMPOSING A SEPARATE SENTENCE ON CONVICTIONS OF KIDNAPPING AND RAPE WHERE THE ACCUSED HAD ALREADY BEEN SENTENCED AT A PREVIOUS TRIAL FOR THE ALLIED OFFENSE OF GROSS SEXUAL IMPOSITION.
Appellant argues that the trial court should not have imposed sentences for the rape and kidnapping charges because they were allied offenses of similar import to gross sexual imposition. Appellant contends that because he had already been sentenced for gross sexual imposition in Ali I, he cannot be sentenced for rape and kidnapping in the case at bar.
With regard to kidnapping and gross sexual imposition, appellant contends that the two offenses should have been merged for sentencing for the same reasons asserted with respect to the rape and kidnapping charges. R.C. 2907.05(A)(1) states: "No person shall have sexual contact with another, not the spouse of the offender * * * when * * * [t]he offender purposely compels the other person * * * to submit by force or threat of force." As we noted in resolving appellant's first assignment of error, the removal of Scott from the place where she was found by appellant's deception was a separate and distinct offense from the rape. Likewise, the same asportation by deception was separate and apart from the sexual contact by force or threat of force necessary for a conviction for gross sexual imposition.
We also find that the rape and gross sexual imposition convictions were not barred by R.C. 2941.25. In State v. Jones,supra, the defendant was convicted of two counts of oral rape, one count of vaginal rape, and one count of attempted vaginal rape. At sentencing, the trial court merged the two counts of oral rape and merged the vaginal rape count with the attempted vaginal rape count. The Ohio Supreme Court reversed the trial court and held that the relevant offenses were not allied offenses of similar import. Id. at 14. The supreme court reasoned that while the four acts were committed within a short period of time of each other, there were significant intervening acts that justified the four acts being separate. Id. See, also, State v.Nicholas (1993), 66 Ohio St.3d 431, 435.
In the case at bar, there were significant intervening acts between the commission of gross sexual imposition and the commission of rape. After Scott first changed her clothes, appellant touched her breast and digitally penetrated her. Either act would constitute gross sexual imposition. After this occurred, appellant ordered Scott to change into different clothes, and she complied. Appellant resumed taking photographs, and then removed Scott's underwear and vaginally penetrated her. This act was sufficient to constitute rape. We find that the act of Scott's change of clothing, appellant's taking of photographs, and the removal of Scott's underwear, to be significant intervening acts that justify appellant's conviction for both gross sexual imposition and rape.
Appellant argues that the three offenses must be merged because they arise from the same "operative facts." However, we agree with Chief Justice Celebrezze:
 "* * * Repeated acts of forcible sexual intercourse are not to be construed as a roll of thunder, — an echo of a single sound rebounding until attenuated. One should not be allowed to take advantage of the fact that he has already committed one sexual assault on the victim and thereby be permitted to commit further assaults on the same person with no risk of further punishment for each assault committed. Each act is a further denigration of the victim's integrity and a further danger to the victim."
State v. Barnes (1981), 68 Ohio St.2d 13, 19 (Celebrezze, C.J., concurring), quoting Harrell v. State (Wis. 1979), 277 N.W.2d 462,469. Appellant's convictions for rape and kidnapping were not barred by R.C. 2941.25. The second assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PRE-TRIAL MOTION TO DISMISS ALL COUNTS OF DEFENDANT'S INDICTMENT IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
Appellant argues that his convictions for rape and kidnapping were barred by the Double Jeopardy Clause of the United States Constitution. He presents essentially the same arguments set forth in his first and second assignments of error. R.C. 2941.25
codifies the protections of the Double Jeopardy Clause. State v.Mergy (1995), 105 Ohio App.3d 646, 648-49. Having overruled the first and second assignments of error, we overrule appellant's third assignment of error on the same bases.
 IV.
Appellant's fourth assignment of error states:
 DEFENDANT-APPELLANT'S CONVICTIONS OF GROSS SEXUAL IMPOSITION AND KIDNAPPING WERE CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant argues that his conviction for kidnapping is against the manifest weight of the evidence.[1] When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
We conclude that the case at bar does not present a case when the evidence weighs heavily in favor of appellant. Scott testified as to the acts committed by appellant; the State's evidence was uncontradicted. The State was not required to corroborate Scott's testimony to obtain a conviction. Appellant's conviction for kidnapping is not against the manifest weight of the evidence. Accordingly, the fourth assignment of error is overruled.
 V.
Appellant's fifth assignment of error states:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S RULE 29 MOTION FOR ACQUITTAL.
Appellant argues that the trial court should have granted his motion for acquittal on the rape and kidnapping charges. Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe (1988),51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution.Id.
R.C. 2905.01(A)(4) states: "No person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, * * * [t]o engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will." The evidence in the case at bar demonstrated that appellant told Scott that she was going to help him with a catering job. Once he picked her up in his van for the supposed catering job, he took her to a motel and engaged in sexual activity with Scott against her will. There was sufficient evidence to support the kidnapping charge.
R.C. 2907.02(A)(2) states: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Sexual conduct includes "vaginal intercourse between a male and a female[.]" R.C. 2907.01(A). Viewing the evidence in a light most favorable to the prosecution, Scott's testimony provides sufficient evidence to support the conviction. Appellant forcefully removed Scott's underwear and vaginally penetrated her.
There was sufficient evidence to support appellant's convictions for rape and kidnapping. The trial court did not err by overruling appellant's motion for acquittal. Appellant's fifth assignment of error is overruled.
 VI.
Appellant's sixth assignment of error states:
 THE DEFENDANT'S PRISON TERM WAS IMPOSED CONTRARY TO LAW.
 Appellant argues that the trial court erred by imposing the maximum sentences for the rape and kidnapping charges. Appellant also contends that the trial court erred by ordering the sentences to be served consecutive to one another and consecutive to appellant's sentence for gross sexual imposition.
Both rape and kidnapping are first degree felonies. The sentence for a first degree felony, is a definite term of three, four, five, six, seven, eight, nine, or ten years. R.C.2929.14(A)(1). Under R.C. 2929.14(C), a sentencing court may impose the maximum sentence for a felony if it finds one of four conditions; one of these conditions is that the defendant poses the greatest likelihood of committing future crimes. Under R.C.2929.14(E)(3), a trial court may impose consecutive sentences
 if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
We may vacate or modify a sentence only if we clearly and convincingly find that one of four conditions exists. R.C.2953.08(G)(1). The two conditions that would apply in the case at bar are whether the record supports the sentence, R.C.2953.08(G)(1)(a), or whether the sentence is contrary to law, R.C.2953.08(G)(1)(d).
We find that the sentences imposed by the trial court are supported by the record and are not contrary to law. The trial court specifically found that appellant poses the greatest likelihood of committing future crimes, thereby supporting the imposition of a maximum prison term for rape and kidnapping. The trial court also made the three required findings to justify imposing consecutive sentences. We find no error in the trial court's sentencing of appellant. The sixth assignment of error is overruled.
 VII.
Appellant's seventh assignment of error states:
 THE DETERMINATION BY THE TRIAL COURT THAT DEFENDANT-APPELLANT IS A HABITUAL SEX OFFENDER [sic] WAS UNCONSTITUTIONAL.
Appellant argues that the trial court should not have adjudicated him to be a sexual predator because R.C. Chapter 2950 is unconstitutional. Appellant asserts that the statute violates due process and is void for vagueness. This court has previously rejected these arguments. State v. Alston (Dec. 23, 1998), Lorain App. No. 97CA006941, unreported, at 5-7.
Appellant also contends that his adjudication as a sexual predator was not supported by clear and convincing evidence. Assuming arguendo that such is the case, we find the error harmless. Crim.R. 52(A). Appellant was adjudicated as a sexual predator in connection with his conviction in Ali I; the trial court's adjudication was not contested on appeal. Therefore, a valid sexual predator determination has already been made; the adjudication in this case is superfluous.[2] Appellant's seventh assignment of error is overruled.
 VIII.
Appellant's eighth assignment of error states:
 DEFENDANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
Appellant argues that he received ineffective assistance of counsel. He contends that his trial counsel was ineffective for failing to introduce a tape recording of Scott at trial. According to appellant, during the trial involved in Ali I
appellant's counsel introduced into evidence a tape recording of Scott, made by friends of appellant, wherein Scott allegedly admitted that the encounter with appellant was consensual. No tape recording was introduced by appellant's new trial counsel in the case at bar. Appellant argues that he was prejudiced by his trial attorney's failure to introduce the tape recording of Scott into evidence.
 A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 693. In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98,100.
We conclude that appellant's right to the effective assistance of trial counsel was not violated. In our view, the decision of whether to present certain evidence that could not obtain an acquittal at a prior trial constitutes debatable trial strategy. Appellant's eighth assignment of error is overruled.
Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
 FOR THE COURT
SLABY, J.
CARR, J.
CONCUR
[1] The assignment of error also states that appellant's conviction for gross sexual imposition is against the manifest weight of the evidence. However, appellant fails to argue this point. Furthermore, we would be precluded from revisiting the issue, since we held in Ali I, supra, at 11, that the gross sexual imposition conviction was not against the manifest weight of the evidence.
[2] R.C. 2950.09(B)(1) provides that if a defendant is convicted of a sexually oriented offense, as defined in R.C.2950.01(D), "the judge who is to impose sentence upon the offendershall conduct a hearing to determine whether the offender is a sexual predator." (Emphasis added.) Thus, the statute requires that a hearing must be held, even for persons previously adjudicated as sexual predators who are subsequently convicted of another sexually oriented offense.