The STATE of Ohio, Appellant,

v.

REDMAN, Appellee.

[Cite as *State v. Redman* (1992), 81 Ohio App.3d 821.]

Court of Appeals of Ohio,
Warren County.

No. CA91–12–093.

Decided July 20, 1992.

*Timothy A. Oliver*, Warren County Prosecuting Attorney, and *Carolyn A. Duvelius*, Assistant Prosecuting Attorney, for appellant.

*Kaufman & Florence, John C. Lieser, Jr.* and *Mark Florence*, for appellee.

WALSH, Judge.

On May 26, 1991, defendant-appellee, Daniel H. Redman, was involved in a head-on collision which caused the deaths of Jennifer Moistner and Sean Leahy. The collision occurred when appellee, traveling southbound on State Route 48 at a high rate of speed, attempted to pass three cars in a no-passing zone. Appellee was subsequently indicted on two counts of aggravated vehicular homicide in violation of R.C. 2903.06(A) and two counts of involuntary manslaughter in violation of R.C. 2903.04(B). The aggravated vehicular homicide counts of the indictment alleged that appellee was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse at the time of the commission of the offenses.

At the arraignment, appellee entered a plea of not guilty to all four counts. Appellee later withdrew his plea of not guilty and instead entered a plea of no contest to all four counts. The trial court then found appellee guilty of all four counts and sentenced him to two to ten years of imprisonment for each of the involuntary manslaughter counts, to be served concurrently.

The state of Ohio brings the instant appeal, assigning error as follows:

"If two offenses are allied offenses of similar import under R.C. 2941.25, the prosecution, not the trial judge, has the power to choose which offense to pursue in the sentencing phase."

■ Under R.C. 2941.25(A), "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." It is undisputed that the crimes of aggravated vehicular homicide in violation of R.C. 2903.06(A) [1] and involuntary manslaughter in violation of R.C. 2903.04(B) [2] constitute allied offenses of similar import under the facts of this case. See *State v. Chippendale* (1990), 52 Ohio St.3d 118, 556 N.E.2d 1134; *State v. Torres* (1986), 31 Ohio App.3d 118, 31 OBR 204, 508 N.E.2d 970; *State v. Davis* (1983), 13 Ohio App.3d 265, 13 OBR 329, 469 N.E.2d 83. Consequently, appellee could not be sentenced for both crimes even though he was indicted for and found guilty of both offenses.

In its sole assignment of error, the state argues that the trial court erred in sentencing appellee for the involuntary manslaughter charges rather than for the counts of aggravated vehicular homicide. The state contends that the prosecution, not the trial judge, has the power to choose which of the allied offenses will determine a defendant's sentence. Furthermore, the state asserts that R.C. 2903.06 contains mandatory sentencing language which the court must follow.

■ R.C. 2941.25, the allied offense statute, is simply a "sentencing vehicle." *State v. Kent* (1980), 68 Ohio App.2d 151, 154, 22 O.O.3d 223, 225, 428 N.E.2d 453, 456. According to the Committee Comment accompanying R.C. 2941.25, "the prosecution sooner or later must elect as to which [of the allied] offense[s] it wishes to pursue." As the Ohio Supreme Court explained, "[t]he choice is given to the prosecution to pursue one offense or the other, and it is plainly the intent of the General Assembly that the election may be of either offense." *Maumee v. Geiger* (1976), 45 Ohio St.2d 238, 244, 74 O.O.2d 380, 384, 344 N.E.2d 133, 137. Moreover, the statute does not require the prosecution to make its election prior to the trial. *State v. Weind* (1977), 50 Ohio St.2d 224, 236, 4 O.O.3d 413, 420, 364 N.E.2d 224, 233, vacated on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156; *State v. Osborne* (1976), 49 Ohio St.2d 135, 144, 3 O.O.3d 79, 83, 359 N.E.2d 78, 85, vacated on

---

1. "No person, while operating * * * a motor vehicle * * * shall recklessly cause the death of another."

2. "No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a misdemeanor."

other grounds (1978), 438 U.S. 911, 98 S.Ct. 3136, 57 L.Ed.2d 1155; *State v. Moncrief* (1980), 69 Ohio App.2d 51, 57, 23 O.O.3d 61, 64, 431 N.E.2d 336, 341.

As one Ohio appellate court noted, "[t]he right of the prosecution to elect the charge it wishes to pursue has never been denied in Ohio and that right is supported by the language of opinions on the situation." *State v. Roberts* (June 23, 1988), Auglaize App. No. 2-87-18, unreported, at 8, 1988 WL 68700. In *Roberts*, the defendant-appellant pleaded no contest to and was found guilty of one count of aggravated vehicular homicide and one count of involuntary manslaughter, which were allied offenses of similar import under the facts of that case. On appeal, the court rejected the appellant's argument that the trial court erred in allowing the state to elect the count upon which the appellant would be sentenced. *Id.* See, also, *State v. Lacy* (Nov. 21, 1986), Huron App. No. H-86-2, unreported, 1986 WL 13176 (finding no error in trial court allowing prosecution to elect between two allied offenses of similar import, involuntary manslaughter and vehicular homicide, for sentencing purposes). As the *Roberts* court explained, "[n]o prejudice results from a sentence pursuant to a statute to which the appellant was found guilty." *Roberts, supra*, at 8.

We agree with the foregoing authorities that a trial court does not err in allowing the prosecution to elect between allied offenses of similar import for sentencing purposes. Furthermore, we hold that where a defendant pleads no contest to and is found guilty of more than one allied offense of similar import, the prosecution has the power under R.C. 2941.25 to specify the allied offense upon which the defendant will be sentenced. In this case, the trial court erred in failing to sentence appellee according to the election of the prosecution to pursue the aggravated vehicular homicide counts of the indictment.

At the hearing during which appellee changed his plea and was found guilty and sentenced by the court, the prosecution clearly indicated to the court that it was pursuing the aggravated vehicular homicide counts for sentencing purposes. In particular, the prosecution wanted the court to apply the mandatory sentencing language in R.C. 2903.06:

"(B) * * *

"If the jury or judge as trier of fact finds that the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, at the time of the commission of the offense, then the offender's driver's or commercial driver's license or permit or nonresident operating privilege shall be permanently revoked pursuant to section 4507.16 of the Revised Code.

" * * *

"(C) * * * [I]f in the commission of the offense the offender was * * * operating a motor vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, he shall not be eligible for shock probation, probation, or shock parole pursuant to section 2947.061, 2951.02, or 2967.31 of the Revised Code."

■ Appellee contends that the mandatory sentencing provisions of R.C. 2903.06 do not apply here because there is no finding by the trial court in the record that he was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse at the time of the commission of the offenses. However, by pleading no contest to the counts of aggravated vehicular homicide, appellee admitted the truth of the facts alleged in the indictment, including the allegation that he committed the offenses under the influence. Crim.R. 11(B)(2). Consequently, no specific finding by the court was necessary, and the mandatory sentencing provisions apply to this case.

For the foregoing reasons, we sustain the state's assignment of error. We reverse the trial court's decision sentencing appellee under the involuntary manslaughter counts and remand this cause for resentencing in accordance with the prosecution's election to pursue the aggravated vehicular homicide counts of the indictment.

*Judgment reversed
and cause remanded.*

WILLIAM W. YOUNG, J., concurs.

KOEHLER, P.J., dissents.

KOEHLER, Presiding Judge, dissenting.

A review of the authorities relied upon by the majority indicates that this appeal presents an issue for resolution for which there is no precedential authority. Nevertheless, with nothing more than a Committee Comment and an easily distinguished appellate decision for support, the majority by judicial legislation has created a "right" or "power" in the prosecution to determine the sentence to be imposed upon appellant upon conviction of multiple charges which are allied offenses of similar import.

By its interpretation of R.C. 2941.25, the majority has done what the legislature could have done, but chose not to do. It has implied a legislative intent to deny to the trial court its inherent power and statutory duty to determine the appropriate sentence after a defendant's convictions for such offenses.

Unlike the trial court in *State v. Roberts* (June 23, 1988), Auglaize App. No. 2-87-18, unreported, 1988 WL 68700, the court below refused to abdicate its

authority to determine the sentence to be imposed. It refused to surrender its discretion in favor of the prosecution's asserted right.

In exercising its discretion, the trial court rejected the prosecution's recommendation or "diktat" and sentenced appellant in conformity with law. Judge McBride in *Roberts, supra,* writing for the Court of Appeals for Auglaize County, stated:

"While not argued, we assume that the right to elect by the prosecution arises from its right to dismiss or withdraw charges. Whether this may be done without the consent of the court is a question not raised and need not be explored in this case."

Since the trial court accepted the prosecution's recommendation, the *Roberts* case did not squarely respond to the issue raised therein and in this cause.

Judge McBride further opined:

"It is appropriate to suggest that R.C. 2941.25 be amended to better fulfill the purpose of the legislature to prevent 'shotgun' convictions and to expedite proceedings resulting from 'shotgun' indictments. There comes a time when it should not be necessary in criminal cases to rely upon implied intent of the legislature or upon comments of the drafting committee."

In this cause, the trial court's resistance to the continued erosion of judicial discretion should be commended and, absent a showing of an abuse of discretion or a sentence contrary to law, the final judgment should be affirmed. Accordingly, I must dissent.