Plaintiff-appellant, State of Ohio, appeals a Columbiana County Common Pleas Court decision directing it to select which of two similar counts in an indictment to pursue against defendant-appellee, Calvin White.
On May 18, 1995, appellee reported the theft of his 1989 Chrysler New Yorker to the East Liverpool Police Department. The police found the vehicle several hours later, two blocks from where it allegedly had been stolen. The vehicle had been burned and was a total loss.
On May 22, 1995, appellee submitted an "AFFIDAVIT OF VEHICLE THEFT" to his insurer, Progressive Insurance Company (Progressive). In the affidavit, appellee claimed a loss of $8,900, the purported purchase price of the vehicle. Appellee stated that he traded in an older vehicle worth $3,000 and paid the balance in cash. Concerning the circumstances surrounding the theft of the vehicle, appellee also stated that the vehicle had been locked and that there were no keys left in the vehicle.
Progressive initiated an investigation and utilized the services of a forensic analyst. Inspection of the burned vehicle revealed that the exterior, including panels and wheels, were intact. There were no signs of forced entry into the vehicle. All mechanical parts under the hood were present. The ignition lock assembly had not been defeated and nothing other than a key of the proper type could have been used to operate the vehicle. Samples of oil and transmission fluid were tested. Inspection of the transmission fluid revealed excessive metal wear indicating that appellee may have been experiencing problems with the transmission.
On June 12, 1995, at the request of Progressive, appellee agreed to a deposition. At the deposition, appellee testified that he had always kept a job, but then later testified that he had been receiving worker's compensation for the last 17 years. Appellee testified that he had never been arrested for any reason other than minor traffic violations. Later investigation revealed that appellee had been arrested on drug and larceny charges and convicted of domestic violence.
Appellee testified that he paid $5,554 in cash and traded in a $3,000 vehicle for the 1989 Chrysler. Appellant maintains that later investigation revealed that appellee had paid around $5,000, but did not have a trade-in allowance. When asked if the vehicle had any electrical, structural, or cosmetic problems, appellee responded in the negative. However, appellant maintains that inspection of the vehicle revealed that the computer was bad and needed replaced. Appellee also revealed at the deposition that the vehicle had been vandalized and not repaired prior to its theft.
On July 10, 1997, a Columbiana County Grand Jury indicted appellee on one count of insurance fraud, a violation of R.C.2913.47(B), and one count of falsification, a violation of R.C.2921.13 (A) (10) Appellee entered a not guilty plea to both charges.
On October 15, 1996, appellee filed a motion to suppress and motion in limine. The motion to suppress sought to suppress any and all evidence concerning the theft of the vehicle. The motion in limine sought to prohibit the State from attacking appellee's character or credibility by way of his two previous arrests and one conviction. On December 24, 1996, the trial court filed a judgment entry overruling both appellee's motions.
After its discussion of appellee's motions, the trial court ended its October 15, 1996 decision with the following language:
 "The Court further directs the State to select which of the two counts of the Indictment (they being similar and arising from the same facts) it wishes to pursue within five (5) days."
Neither party filed a motion requesting such an order. Presumably, then, the trial court made the ruling upon its on motion. It is from this order which appellant now appeals.
Appellant alleges in its first assignment of error that:
 "THE TRIAL COURT ERRORED [sic.] IN ITS DETERMINATION THAT THE TWO OFFENSES ALLEGED IN THE INDICTMENT WERE ALLIED OFFENSES OF SIMILAR IMPORT."
Appellant's first assignment of error presents us with the narrow question of whether the two counts charging appellee with insurance fraud and falsification are allied offenses of similar import as defined by R.C. 2941.25(A). Given the facts of this case we find that they are, and that appellee may be convicted of only one of the offenses charged.
R.C. 2941.25 explains when a defendant may or may not be convicted upon multiple counts. That sections states:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
The Ohio Supreme Court has dealt with the issue of allied offenses of similar import on numerous occasions and has set forth a two-tiered test to determine whether two crimes with which a defendant is charged are allied offenses of similar import. In Newark v. Vazirani (1990), 48 Ohio St.3d 81, syllabus, the Court stated:
 "Under R.C. 2941.25, a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step.
 In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses.
 If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. (State v. Blankenship
[1988], 38 Ohio St.3d 116, 117, 526 N.E.2d 816, 817, approved and followed.)" (Emphasis sic.)
Under this analysis, we must first compare the elements of the two offenses with which appellee has been charged. The first count of the indictment charges appellee with insurance fraud, a violation of R.C. 2913.47(B)(1), which states:
 "(B) No person, with purpose to defraud or knowing that he is facilitating a fraud, shall do either of the following:
 "(1) Present to, or cause to be presented to, an insurer any written or oral statement that is part of, or in support of, an application for insurance, a claim for payment pursuant to a policy, or a claim for any other benefit pursuant to a policy, knowing that the statement, or any part of the statement, is false or deceptive;"
The second count of the indictment charges appellee with falsification, a violation of R.C. 2921.13(A)(10)[1], which states:
 "(A) No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies:
"* * *
 "(10) The statement is made with purpose to commit or facilitate the commission of a theft offense involving the proceeds of an insurance policy."
The first element of insurance fraud requires a "knowingly" or "purposely" level of culpability. The first element of falsification requires a "knowingly" level of culpability. The second element of both counts involves the making of a false statement. The third element of both counts is the utilization of the false statement by the defendant in order to obtain proceeds under an insurance policy.
We find that the elements of these two crimes are so similar that the commission of one offense necessarily results in the commission of the other offense as applied to the facts of this case. Upon review of appellee's conduct, we also find that the crimes with which appellee has been charged were not committed separately, nor did appellee possess a separate animus for each crime.
First, we have found that under R.C. 2941.25(A) the offenses for which appellant was charged were allied offenses of similar import. Second, under R.C. 2941.25(B) appellant has failed to demonstrate the crimes charged were committed separately or with a separate animus for each offense. Therefore, we hold that under R.C. 2941.25(A) appellant may be convicted of only one of the offenses for which he was indicted.
Accordingly, we find appellant's first assignment of error to be without merit.
Appellant alleges in its second assignment of error that:
 "EVEN IF THE TWO COUNTS OF THE INDICTMENT AGAINST THE DEFENDANT/APPELLEE ARE FOUND TO BE ALLIED OFFENSES OF SIMILAR IMPORT, ORC SECTION 2941.25
CLEARLY DOES NOT REQUIRE THE STATE OF OHIO TO MAKE ITS ELECTION, PRIOR TO TRIAL, AS TO WHICH OF THE TWO OFFENSES TO PURSUE."
It is a well settled principle of law that the prosecution is. not required to make its election, prior to trial, as to which of two allied offenses of similar import to pursue.State v. Weind (1977), 50 Ohio St.2d 224, 236 (holding that "R.C. 2941.25 does not require the prosecution to elect which * * * count will be submitted to the jury, but only prevents conviction under both counts."); State v. Osborne (1976),49 Ohio St.2d 135, 145 (holding that R.C. 2941.25 "prohibits a conviction of both, not the submission to the jury of both.");State v. Redman (1992), 81 Ohio App.3d 821, 823 (holding that the "statute does not require the prosecution to make its election prior to trial."); State v. Shilling (Aug. 5, 1997), Franklin App. No. 97APA01-43, unreported; State v. Keenan (Dec. 27, 1990), Cuyahoga App. No. 57565, unreported; State v.Martin (Oct. 13, 1982), Summit App. No. 10629, unreported. See also State v. McGuire (1997), 80 Ohio St.3d 390, 399 ("Allied offenses of similar import do not merge until sentencing, since a conviction consists of verdict and sentence."). Furthermore, once the defendant has been found guilty of both offenses, the "prosecution has the power under R.C. 2941.25 to specify the allied offense upon which the defendant will be sentenced."Redman, supra, at 824.
Accordingly, we find appellant's second assignment of error to be with merit.
We hereby reverse the decision of the trial court to the extent that it requires appellant to elect, prior to trial, which of the two counts in the indictment to pursue and remand this matter to the trial court for further proceedings according to law and consistent with this opinion.
Cox, J., concurs
Waite, J., concurs
APPROVED:
 ____________________________ Gene Donofrio Judge
[1] Appellee was charged under R.C. 2921.13(A)(10), prior to the July 1, 1996 revision.