Defendant-appellant, Jerry L. Hike, appeals from a judgment of the Franklin County Court of Common Pleas sentencing defendant to a term of imprisonment on his conviction for kidnapping.
Defendant initially was charged with three counts of aggravated robbery, three counts of kidnapping, three counts of robbery and one count of possessing a weapon under disability, any of which carried multiple specifications. Following a jury trial which resulted in findings of guilty on one count each of kidnapping, robbery, and possessing a weapon under disability, as well as a firearm specification, the trial court sentenced defendant on each of those charges.
On appeal, while affirming defendant's convictions, this court found that the trial court erred "when it entered a separate conviction and imposed a separate sentence for kidnapping." State v. Hike (May 21, 1998), Franklin App. No. 97APA04-554, unreported (1998 Opinions 1891, 1900) ("Hike I"). Because the restraint involved in the kidnapping charge was "merely incidental to the separate underlying crime and * * * the restraint did not subject [the victim] to a substantial increase in risk of harm separate and apart involved in the underlying crime," id. at 1900, the court agreed with defendant's contention that "there [did] not exist a separate animus for a kidnapping conviction and sentence." Id. at 1899. Accordingly, under R.C. 2941.25, a conviction and sentence on both the kidnapping and robbery was found to be error. Id.;State v. Logan (1979), 60 Ohio St.2d 126. Nonetheless, HikeI affirmed defendant's kidnapping and robbery convictions as supported by sufficient evidence and the manifest weight of the evidence. The case was remanded for resentencing.
On remand, the trial court allowed the prosecution to elect the charge on which defendant was to be sentenced. The prosecution elected to have defendant sentenced for the kidnapping charge. Defense counsel objected, claiming that under Hike I defendant could be sentenced only on the robbery and weapon under disability charges. The trial court accepted the prosecution's election and sentenced defendant on the kidnapping and weapon under disability counts, as well as the firearm specification, merging the robbery count with the kidnapping offense pursuant to R.C. 2941.25(A).
Defendant timely appeals his resentencing, assigning the following errors:
ASSIGNMENT OF ERROR NO. 1:
 THE COURT OF COMMON PLEAS ERRED TO DEFENDANT-APPELLANT'S PREJUDICE WHEN IT DEPARTED FROM THE LAW OF THE CASE AND THE MANDATE IN STATE V. HIKE (MAY 21, 1998), FRANKLIN APP. NO. 97APA04-554, UNREPORTED, AND PERMITTED THE PROSECUTING ATTORNEY UPON REMAND FOR RE-SENTENCING TO ELECT THE PARTICULAR COUNT, KIDNAPPING OR ROBBERY, UPON WHICH DEFENDANT-APPELLANT SHOULD BE CONVICTED AND SENTENCED. THE APPELLATE MANDATE IN THE PRIOR APPEAL CONFINED THE SCOPE OF THE TRIAL COURT'S AUTHORITY TO ENTERING A CONVICTION AND SENTENCE SOLELY UPON THE COUNT OF ROBBERY.
ASSIGNMENT OF ERROR NO. 2:
 THE COURT OF COMMON PLEAS ERRED AND VIOLATED DEFENDANT-APPELLANT'S RIGHT OF DUE PROCESS UNDER U.S. CONST. AMEND. V AND XIV AND OHIO CONST. ART. I, § 10 TO A FAIR AND PROPORTIONATE SENTENCE CONFORMING TO EXISTING STATUTORY AND CASE LAW WHEN IT PERMITTED THE PROSECUTING ATTORNEY UPON REMAND FOR RE-SENTENCING TO ELECT THE PARTICULAR COUNT, KIDNAPPING OR ROBBERY, UPON WHICH DEFENDANT-APPELLANT SHOULD BE CONVICTED AND SENTENCED. UNDER R. C. 2941.25 AND THE OPINION OF THE SUPREME COURT IN STATE V. LOGAN (1979), 60 OHIO ST.2D 126, 14 O. O.3D 373, 397 N.E.2D 1345, THE STATE OF OHIO DOES NOT HAVE A RIGHT TO AN ELECTION OF COUNTS BETWEEN KIDNAPPING AND AN UNDERLYING OFFENSE, SUCH AS ROBBERY, IN THE ABSENCE OF A SEPARATE ANIMUS, OR IMMEDIATE MOTIVE, ON THE PART OF THE OFFENDER TO COMMIT THE KIDNAPPING OFFENSE.
Defendant's first assignment of error asserts the trial court erred in allowing the prosecution to elect whether defendant would be sentenced on the kidnapping or robbery counts. Defendant asserts Hike I found a sentence on the kidnapping charge to be error.
R.C. 2941.25(A) provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." Applying R.C. 2941.25(A) as interpreted in Newark v. Vazirani (1990), 48 Ohio St.3d 81 and State v.Logan, supra, Hike I found defendant did not commit the robbery and kidnapping with a separate animus, and the restraint defendant used in committing the offenses did not subject the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime.
Accordingly, Hike I implicitly found the kidnapping and robbery counts were allied offenses of similar import, holding that the trial court erred "when it entered a separateconviction and imposed a separate sentence for kidnapping."Hike I, supra. (Emphasis added.) In journalizing that determination, Hike I stated "it is the judgment and order of this court that the judgment of the Franklin County Court of Common Pleas is affirmed in all respects with the exception ofthe trial court's imposing a separate conviction and sentencefor the kidnapping of [the victim]." (Emphasis added.) Given that language, defendant contends the trial court erred when it imposed a sentence for the kidnapping charge upon resentencing.
R.C. 2941.25 has been called a "sentencing vehicle."State v. Redman (1992), 81 Ohio App.3d 821, 823; State v.Shilling (Aug. 5, 1997), Franklin App. No. 97APA01-43, unreported (1997 Opinions 3197). The statute does not mean that a defendant cannot be indicted, tried or found guilty of multiple allied offenses. State v. Darga (1985), 30 Ohio App.3d 54,56; State v. Kent (1980), 68 Ohio App.2d 151, 154. Rather, the statute only prevents a defendant from being convicted of allied offenses of similar import. In that context, "conviction" refers to a judgment of conviction, which consists of a verdict or finding of guilty and the sentence imposed. Crim.R. 32(B); State v. Henderson (1979), 58 Ohio St.2d 171;State v. McGuire (1997), 80 Ohio St.3d 390, 399.
"The 'real concern of any allied-offense analysis is whether the state, by sentencing the defendant for both offenses, is, in effect, imposing multiple punishments for what is essentially one offense.' " State v. Houston (1997), 122 Ohio App.3d 334,337 (emphasis added), quoting State v. Lang (1995),102 Ohio App.3d 243, 250; State v. Moore (1996), 110 Ohio App.3d 649,653. Accordingly, R.C. 2941.25 is not violated when a defendant is found guilty of multiple allied offenses but only sentenced for one of those counts. State v. Chippendale
(1990), 52 Ohio St.3d 118, 122 (holding that "where the provisions are allied offenses of similar import, then the prosecution may charge on and try both, but the defendant may be sentenced upon his or her conviction for only one of the offenses").
Here, defendant was found guilty of committing allied offenses of similar import, robbery and kidnapping. While language in Hike I may have confused the issue now before us,Hike I did not limit the trial court's discretion to sentencing defendant only on the robbery count. Indeed, had Hike I done so, it would have indicated that the separate kidnapping conviction and sentence were erroneous and found defendant's contentions concerning the sufficiency and weight of the evidence on the kidnapping charge to be moot. Instead, Hike I
considered and upheld the kidnapping conviction as supported by sufficient evidence and the manifest weight of the evidence.
In the final analysis, Hike I affirmed the jury's guilty verdict of kidnapping and robbery; it simply noted the trial court's error in failing to comply with the sentencing requirements of R.C. 2941.25(A), and it remanded the case for resentencing in compliance with that statute. Having multiple convictions of allied offenses of similar import before it, both affirmed on appeal, the trial court acted in accordance with law when it sentenced defendant on only one of the offenses. Defendant's first assignment of error is overruled.
Defendant's second assignment of error contends the trial court erred in allowing the prosecution to elect on which of the multiple allied offenses defendant would be sentenced. Defendant's argument, however, contravenes existing Ohio law.
"An accused may be tried for both (allied offenses of similar import) but may be convicted and sentenced for only one.The choice is given to the prosecution to pursue one offense orthe other, and it is plainly the intent of the General Assemblythat the election may be of either offense." Maumee v. Geiger
(1976), 45 Ohio St.2d 238, 244. (Emphasis added); see, also, R.C. 2941.25 (stating in the legislative service commission commentary that "the prosecution sooner or later must elect as to which offense it wishes to pursue").
More specifically, this court has held that the prosecution is permitted to elect the offense for which a defendant is to be sentenced when convicted of multiple allied offenses, even when the more serious offense of kidnapping is merely incidental to the primary crime or robbery committed. State v.Epley (Sept. 17, 1998), Franklin App. No. 97APA12-1611, unreported (1998 Opinions 4306). See, also, Shilling, supra;State v. Mergy (1995), 105 Ohio App.3d 646, 650; Redman, supra,
at 824; State v. White (Mar. 17, 1999), Columbiana App. No. 96-CO-101.
Accordingly, the trial court did not err in allowing the prosecution to elect offenses on which defendant was to be sentenced. Defendant's second assignment of error is overruled.
Having overruled both of defendant's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
LAZARUS, P.J., and DESHLER, J., concur.