While I concur in the judgment and opinion of the majority, I write separately to express my serious reservations about the outcome of this case.
In State v. Rance, (1999), 85 Ohio St.3d 632, the Supreme Court of Ohio redefined the way courts in this state determine whether two crimes are allied offenses of similar import for purposes of R.C. 2941.25(A). In Rance, the defendant pleaded to guilty to one count of involuntary manslaughter and one count of aggravated robbery. The trial court subsequently sentenced defendant to consecutive terms on each count. Shortly thereafter, Rance moved the trial court to correct his sentence, arguing that involuntary manslaughter and aggravated robbery were allied offenses of similar import.
Before the trial court could rule on his motion, Rance appealed his convictions to the Sixth Appellate District of Ohio. There, he argued that R.C. 2941.25(A) and the Double Jeopardy Clauses of both the United States and Ohio Constitutions precluded the trial court from imposing separate sentences for both offenses. The court of appeals agreed, concluding that involuntary manslaughter necessarily encompassed all of the elements of aggravated robbery. State v. Rance (Dec. 5, 1997), Lucas App. No. L-96-277, unreported, at 5, 1997 WL 770974.
The Supreme Court of Ohio began its analysis by first noting that although the Double Jeopardy Clause prohibits cumulative punishments for the "same offense," "[a] legislature * * * may prescribe the imposition of cumulative punishments for crimes that constitute the same offense under Blockberger [v. United States
(1932), 284 U.S. 299] without violating the * * * protection against double jeopardy * * *." Rance, 85 Ohio St.3d at 635. In other words, if a legislature has expressed its intent to permit cumulative punishments for conduct that can be classified as two or more different crimes, it does not matter if each offense requires proof of an element that the other does not. Id.
Ohio's General Assembly has expressed such intent. R.C.2941.25 provides that a person may be convicted of two or more offenses if the crimes are of dissimilar import, or even if the crimes are allied offenses of similar import, a person may still be convicted of each offense if they were committed separately or with a separate animus.
The test for determining whether two crimes are allied offense of similar import can be found in the Supreme Court of Ohio's decision in State v. Blankenship (1988), 38 Ohio St.3d 116. In that case, the court held that if the elements of the offenses "correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import." Id. at 117. If they do not, the offenses are of dissimilar import and multiple convictions are permitted. Rance at 636.
Prior to Rance, R.C. 2941.25 was applied in two different ways. Under the first approach, courts would compare the elements of the crimes in conjunction with the facts of a particular case.Newark v. Vazirani (1990), 48 Ohio St.3d 81; State v. Baksi (Dec. 23, 1999), Trumbull App. No. 98-T-0123, unreported, at 11-12, 1999 Ohio App. LEXIS 6271. At other times, courts compared the elements of the offenses in the abstract without reference to the facts of the case. State v. Richey (1992), 64 Ohio St.3d 353;Baksi at 12.
Because of this dichotomy, the court in Rance decided to settle the issue once and for all in Ohio. As a result, the court held that "[u]nder an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract. * * *" Rance at paragraph one of the syllabus.
On its face, the decision to confine an R.C. 2941.24(A) determination to the elements of the crimes, as opposed to a consideration of their factual underpinnings, may seem like a logical choice. In fact, in most cases such an analysis will ultimately reach the correct result.
However, there will be some cases where a strict statutory analysis will produce an absurd outcome. After reviewing the record in the instant matter, I firmly believe that this case presents such an example.
On September 11, 1997, appellant was driving his car while under the influence of alcohol. As a result of his choice, appellant ran a stop sign and collided with another vehicle. Tragically, the two people in the other car died as a result of their injuries. Accordingly, appellant was charged with two counts of involuntary manslaughter and two counts of aggravated vehicular homicide. At a subsequent trial, a jury found appellant guilty of all four offenses. The trial court then sentenced him to a prison term on each of the four counts.
The majority opinion holds that involuntary manslaughter and aggravated vehicular homicide are not allied offenses of similar import. We reach this result after conducting an R.C. 2941.25(A) analysis in accordance with the dictates of Rance. Our conclusion is that each offense requires proof of an element that the other did not; thus, appellant could be convicted of both. Unfortunately, in reaching this conclusion, we have not only said that appellant was guilty of killing two people, we are saying he was guilty of killing each victim two times.
Certainly, this cannot be the result envisioned by the General Assembly when it enacted R.C. 2941.25. A review of the Staff Notes to R.C. 2941.25 supports such a supposition. While the legislature clearly wished to provide for multiple convictions arising from the same conduct, the General Assembly realized that the Double Jeopardy Clause prohibited multiple convictions if the crimes were so similar that the commission of one will automatically result in the commission of the other.
The drafters noted that "[t]he basic thrust of the section is to prevent `shotgun' convictions." A "shotgun" conviction, however, is exactly what we have here. Confronted with the death of two innocent motorists, the prosecutor decided to charge appellant with two counts of involuntary manslaughter and two counts of vehicular homicide. Under R.C. 2941.25(A), this was appropriate because even if two crimes are allied offenses of similar import, a person may be indicted, tried, and found guilty of both offenses so long as he is only sentenced on one.
Other Ohio Courts have been confronted with similar dilemmas when applying Rance. In State v. Shinn (June 14, 2000), Washington App. Nos. 99 CA 29 and 99 CA 35, unreported, 2000 Ohio App. LEXIS 2738, the defendant was convicted of both attempted murder and felonious assault as a result of shooting his estranged wife. It was unquestioned that both charges arose from the firing of a single shot. However, after comparing the elements of attempted murder and felonious assault in the abstract, the Fourth Appellate District concluded that the offenses were not allied offenses of similar import and that the defendant had been properly convicted of both. However, the court made the following comments:
 "We are aware of the practical result of our conclusion: the appellant stands convicted of both assaulting and attempting to kill his wife for the very same act of shooting her. While this result seems intuitively wrong, the Supreme Court's holding in Rance forces us to affirm the appellant's convictions for both felonious assault and attempted murder. * * *." Shinn at 30.
Similarly, in State v. Coach (May 5, 2000), Hamilton App. No. C-990349, unreported, 2000 Ohio App. LEXIS 1901, the defendant was convicted of two counts of felonious assault on the same person. InCoach, the facts show that the defendant became involved in a verbal altercation with four individuals in Cincinnati, Ohio. Eventually, the defendant took a handgun from a book bag he was carrying and fired several times in the direction of the four individuals. As a result of this gunfire, one victim was hit in the foot.
The defendant was charged with one count of felonious assault in violation of R.C. 2903.11(A)(1) as a result of shooting the victim. In addition, he was also charged with three counts of felonious assault in violation of R.C. 2903.11(A)(2) for causing or attempting to cause physical harm by means of a deadly weapon. One of the three counts was related to the victim he had shot.
Prior to trial, the state dropped two of the three felonious assault charges brought pursuant to R.C. 2903.11(A)(2). The defendant then pleaded guilty to the two remaining charges, and he was subsequently sentenced on both. On appeal, the defendant argued that the trial court erred when it sentenced him on both counts of felonious assault because the charges both related to the same person. Thus, he believed that they were allied offenses of similar import.
The First Appellate District rejected the defendant's argument relying on Rance. Analyzing the crimes in the abstract, the court noted that one of the crimes, R.C. 2903.11(A)(2), necessarily required that the offender use a deadly weapon in the commission of the offense, while the other count, R.C.2903.11(A)(1), did not. Accordingly, the court held that the defendant could be convicted of both felonious assault counts.Coach at 7-9.
As the preceding examples show, in addition to the case at bar, analyzing the elements of two offenses in the abstract can lead to results which confound rational legal analysis.
Regardless of the intentions of the Supreme Court of Ohio, the application of Rance has proven troublesome to say the least, and it will continue to do so. Specifically, prior to Rance, it went unquestioned that involuntary manslaughter and aggravated vehicular homicide were allied offenses of similar import. See, generally, State v. Chippendale (1990), 52 Ohio St.3d 118; Statev. Redman (1992), 81 Ohio App.3d 821; State v. Butts (Sept. 30, 1999), Licking App. No. 99CA0029, unreported, 1999 Ohio App. LEXIS 4741; State v. Collins (Sept. 29, 1995), Miami App. No. 95-CA-03, unreported, 1995 Ohio App. LEXIS 4324; State v. Riley (Dec. 14, 1994), Lorain App. No. 94CA005668, unreported, 1994 Ohio App. LEXIS 5677. Now, in light of Rance, those decisions are obviously suspect.
Nevertheless, despite my concerns, I am compelled to affirm appellant's quadruple convictions in the instant matter. I cannot do so, however, without urging the Supreme Court of Ohio to revisit this issue as soon as possible.
 ___________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY