OPINION
On September 15, 2000, Appellant was arraigned on six counts of Receiving Stolen Property, in violation of R.C. § 2913.51, and entered a plea of not guilty to each of the charges.
On September 20, 2000, Appellant again appeared before the trial court and requested leave to withdraw his not guilty pleas and enter pleas of no contest to each charge.
Appellant reviewed, signed and initialed six change of plea forms.
The trial court orally advised Appellant of his rights.
The trial court accepted Appellant's no contest pleas and continued the matter to allow for a presentence investigation to be prepared to aid in sentencing.
On October 23, 2000, after reviewing the presentence investigation, the trial court sentenced Appellant to six months and fined him $25.00 on each charge. (T. at 2-3, 10/23/00).
On December 27, 2000, Appellant filed his notice of appeal.
Leave to file a delayed appeal in this matter was granted on February 7, 2001.
The Assignments of Error are as follows:
 I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ACCEPTING THE NO CONTEST PLEAS OF THE DEFENDANT-APPELLANT
 II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ENTERING SIX GUILTY FINDINGS ON THE RECORD OF THE PROCEEDINGS BELOW
 I.
Appellant claims that the trial court's acceptance of his no contest pleas was harmful error. We disagree.
A plea of no contest constitutes an admission of the truth of the facts alleged in the indictment. State v. Redman (1992), 81 Ohio App.3d 821,612 N.E.2d 416. In the instant case, these facts included that appellant received property that he knew or had reasonable cause to believe had been obtained through commission of a theft offense.
The court in North Carolina v. Alford (1970), 400 U.S. 25, found no constitutional bar to accepting a guilty plea in the face of an assertion of innocence provided a defendant voluntarily, knowingly and understandingly consents to sentencing on a charge. Id. at 37-38. Further, no constitutional error was found in accepting a guilty plea which contained a protestation of innocence, if the defendant intelligently concludes that his interests require entry of a guilty plea and if the record before the court contains strong evidence of guilt.Id.
We note that although Aflord, supra, involved a guilty plea, Crim.R. 11(C) applies to both no contest and guilty pleas; therefore, the rulings in Alford apply with equal force here.
As the record demonstrates, appellant entered an no contest plea, maintaining his innocence.
The court did not err in accepting the no contest plea.
It is apparent from the record that appellant did not dispute the evidence concerning the fact that the property he received was stolen; rather, he claimed that he did not know that the property was stolen. Therefore, appellant admitted the facts, but did not admit guilt, which is the precise nature of a plea of no contest pursuant to Crim.R. 11(B):
(B) Effect of guilty or no contest pleas
 With reference to the offense or offenses to which the plea is entered:
 (1) The plea of guilty is a complete admission of the defendant's guilt.
 (2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.
 (3) When a plea of guilty or no contest is accepted pursuant to this rule, the court, except as provided in divisions (C)(3) and (4) of this rule, shall proceed with sentencing under Crim. R. 32.
Further, after asserting that he did not know that the property he received was stolen, appellant again expressed his desire to the court to enter the plea of no contest. He indicated that he understood his plea, his ability to raise possible defenses, the facts of the case, and the nature of the charges. He further indicated that he understood that no one could make him plead no contest, and that he was changing his plea freely and voluntarily, with knowledge of his rights. (T. at 4, 9/20/00).
Appellant claims that the court failed to explain to him that a plea of no contest was an admission of the facts as charged in the indictment. Each of the six change of plea forms, signed by appellant, clearly state that by pleading no contest, appellant admitted the facts of the offense. Appellant stated on the record in court that he had read the no contest plea forms, had no questions about the forms, had reviewed the forms and understood the forms. (T. at 2-3, 9/20/00). He further indicated that he signed each of the six forms freely and voluntarily. (T. at 2-4, 9/20/00). The court did not err in accepting the pleas, as the record demonstrates that such were freely, voluntarily, and knowingly entered.
Assignment of Error I is overruled.
 II.
Appellant claims that the trial court committed harmful error in entering a finding of guilty on each of Appellant's no contest pleas. We disagree.
R.C. § 2937.07 provides, in pertinent part:
 If the plea be `no contest' or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly.
Crim. R. 11 provides, in pertinent part:
(D) Misdemeanor cases involving serious offenses.
 In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily. Where the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim. R. 44 by appointed counsel, waives this right.
The Ohio Supreme Court has determined that R.C. § 2937.07
supersedes Crim.R. 11. Cuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, syllabus. The appellant contends that the transcript of the plea proceeding fails to reveal an explanation of circumstances sufficient to provide the trial court with operative facts to establish all the elements of each charge. Appellee responds by arguing that the court file includes sufficient evidence for all six charges.
We have carefully reviewed the court file. It includes the six separate complaints, the police incident reports, narrative supplemental reports and witness statements for each of the six charges.
In that the trial court referenced information not found within the four corners of the complaints (T. at 6, lines 24-25, 9/20/00), we can presume the other aforementioned documents were properly before the court.
Furthermore, the record demonstrates that the trial court based its finding on and relied upon this documentary evidence as well as the presentence investigation in making its finding.
We now turn our attention to a review of the transcript as the sole explanation of circumstances for all six convictions.
Appellant was charged with six counts of Receiving Stolen Property, in violation of R.C. § 2913.51, which provides, in pertinent part:
 (A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense. * * * (C) Whoever violates this section is guilty of receiving stolen property. Except as otherwise provided in this division, receiving stolen property is a misdemeanor of the first degree. * * *
As to the each of the six separate complaints of Receiving Stolen Property, we find the record sufficient to establish that the appellant had reasonable cause to believe that the property had been obtained through commission of a theft offense. (T at 4-6, 9/20/00).
However, upon reviewing the transcript of sentencing, this Court is unclear as to whether the six month sentences are to be served concurrently or consecutively, as the record is silent as to such and the journal entries offer no further clarification.
The court initially stated:
 Court: * * * Okay, Mr. Judd, it'll be the judgment of the Court as follows. On each of the six charges I'll impose $25.00 fines and six month jail sentences.
(T. at 2-3, 10/23/00)
However, later, upon inquiry from the Appellant, the Court stated:
Appellant: How long is this?
 Court: Your total sentence will be one and a half years, 18 months. * * *
(T. at 4, 10/23/00)
As the record is unclear as to how the six sentences of six month each are to be served, this Court hereby remands this matter for clarification as to same.
Accordingly we overrule appellant's Assignment of Error II but remand this matter to the trial court for clarification of the sentence in this matter.The judgment of the Licking County Common Pleas Court is affirmed in part and remanded in part.
Boggins, J., Edwards, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Municipal Court, Newark, Ohio is affirmed in part and remanded in part.