Although I concur in judgment with the majority opinion's disposition of appellant's other assignments of error, I respectfully must dissent from its disposition of appellant's sixth and, by extension, seventh assignments of error. I believe that in determining whether the trial court properly sentenced appellant on his convictions for both kidnapping and gross sexual imposition, the majority opinion fails to analyze two important issues and, therefore, arrives at a wrong result.
It first must be recognized that the supreme court's mandate regarding the provisions of R.C. 2941.25, as set forth in State v. Rance(1999),85 Ohio St.3d 632, has caused Ohio's appellate courts to struggle with the first step in the analysis of whether certain crimes constitute "allied offenses." Presumably, problems have arisen because it nearly is impossible to conceive of any crimes, save perhaps lesser-included offenses, that have elements that correspond in the abstract. But see State v. Tate (Oct. 26, 1999), Cuyahoga App. No. 77462, unreported. The First Appellate District, in State v. Grant (Mar. 23, 2001), Hamilton App. No. C-971001, unreported, has, on this basis, specifically questioned Rance's viability as an analytical tool.
Nevertheless, many appellate courts, while ostensibly acknowledging Rance, are determining that any crime committed contemporaneously with a kidnapping contains an "implied" element of force/restraint, thereby permitting an advance to the second tier of the test, viz., the defendant's "animus." See, e.g., State v. Nixon (Apr. 25, 2000), Lorain App. Nos. 00CA007638, 00CA007624, unreported; State v. Williams (Dec. 27, 2000), Summit App. No. 19559, unreported; State v. Fields (Aug. 9, 2000), Wayne App. No. 99CA0062, unreported.
This court also previously has endorsed such an approach in State v. Mallet (Aug. 17, 2000), Cuyahoga App. No. 76608, unreported. However, it must be noted that the contrary approach was taken in State v. Frazier (Aug. 10, 2000), Cuyahoga App. No. 76775, unreported, and the supreme court declined to hear the defendant's appeal from that decision, State v. Frazier (2000), 90 Ohio St.3d 1480.
In this case, the majority opinion chooses simply to avoid the analytical problem posed by Rance. The majority opinion thus neither mentions that case nor engages in a direct comparison of the elements of the crimes in the abstract; rather, it presumes the crimes of gross sexual imposition and kidnapping have corresponding elements. The majority also ignores the contrary approach taken in Frazier and cites, instead, State v. Murphy (July 30, 1998), Cuyahoga App. No. 71775, unreported.
The majority reasons on the basis of Murphy that kidnapping and gross sexual imposition are not allied offenses only when a minor victim is involved since R.C. 2907.05(A)(4) "does not require [either] force or restraint." I disagree; R.C. 2907.05(A)(4) is based on common law. At common law, no separately-stated element of force was required in crimes involving minors simply because it, too, was implied. Thus, the majority's reasoning is based upon a distinction without a difference. See, also, State v. Hay (Dec. 19, 2000), Union App. No. 14-2000-24, unreported; State v. Leasure (July 2, 1992), Ross App. No. 1755, unreported.
I recognize the analytical problem posed by a strict application of Rance to the facts of this case; therefore, I can be persuaded to agree that an abstract alignment of the elements of the crimes, as indicted in this case, of kidnapping and gross sexual imposition indicates the "required relationship exists" to meet the first tier of the Rance analysis. State v. Mallett, supra. I further can be persuaded to agree, based upon the language of State v. Mitchell (1983), 6 Ohio St.3d 416 at 418, that appellant's conduct in committing the crimes demonstrated "a singularity of purpose" and a single animus.
That being stated, however, I cannot agree that, pursuant to R.C.2941.25(A), vacating appellant's kidnapping conviction rather than his convictions for gross sexual imposition is the proper remedy. Once again, some analysis of the issue is necessary.
Faced with this question, the Ohio Sixth District Court of Appeals has made the following relevant observations:
 [Appellant] cites to several cases for the proposition that the offense of kidnapping must be merged with the offense of gross sexual imposition and sentence imposed on the latter offense only. Each of these cases stand (sic) for the rule that, under the circumstances of a particular case, certain offenses are allied offenses of a similar import committed with a single animus for which a judgment of conviction can be entered on only one of those offenses. (Citations omitted.) * * * None of these cases [however] stand (sic) for the proposition that kidnapping must be merged into the other offense(s) upon which the defendant is found guilty. Rather, it appears that, * * * kidnapping was merged with an offense carrying a like or a greater penalty. Accordingly, we find that the cited cases provide little or no guidance upon the specific issue presented.
 We therefore turn to an opinion of the Second Appellate District which does address the issue before us. See State v. Whitt (Dec. 5, 1989), Montgomery App. No. 11803, unreported.
 In that case, which involved convictions for both rape and gross sexual imposition, the court reasoned:
 "In allied offense cases, where the trial court has improperly sentenced a defendant on all counts for which he was convicted, our approach has been to reverse the defendant's conviction and sentence on the lesser charge and to discharge the defendant with respect to that offense. See, e.g., State v. McKinney (Oct. 22, 1987), Miami App. No. 87-CA-20, unreported. Public policy suggests that where two charges are allied offenses of a similar import, the offense with the longer sentence should be preferred over the offense with the shorter sentence. "The reasons underlying this policy can be best illustrated by way of an example. Assume that two defendants have been arrested and indicted. Both defendants are guilty of Attempted Rape, an offense carrying a penalty of incarceration for five to fifteen years, and the circumstances of the offenses are substantially identical. The first defendant is not charged with any other offense, but the second defendant is additionally charged with, and is guilty of, Gross Sexual Imposition, an offense carrying a penalty of incarceration for a period of one to two years, under circumstances in which it and the Attempted Rape charge constitute allied offenses of a similar import. If the second defendant were entitled to be convicted and sentenced only on the lesser charge of Gross Sexual Imposition, in preference to the Attempted Rape charge, he would thereby be placed in a better position than the first defendant as a result of his having committed an additional offense clearly an absurd result. There is no reason why a defendant who has committed two offenses of a similar import should be placed in a better position than a defendant who has committed only one of these offenses."
State v. Jude (Feb. 14, 1994), Wood App. No. 92WD101, unreported. (Emphasis added.)
The Tenth Appellate District has found the foregoing analysis to be correct in State v. Shilling (Aug. 5, 1997), Franklin App. No. 97AP01-43, unreported. This court recently has cited all three of the foregoing cases, viz, Shilling, Jude and State v. Whitt (Dec. 15, 1989), Montgomery App. No. 11803, unreported, with approval in State v. Frazier (Nov. 24, 1999), Cuyahoga App. No. 75222, unreported. Nevertheless, the majority opinion fails to either mention or discuss any of these cases in resolving appellant's sixth assignment of error.
This failure to analyze the consequences of an improper application of R.C. 2941.25 also leads to a flaw in the majority opinion's resolution of appellant's seventh assignment of error. R.C. 2941.25 essentially is a sentencing vehicle. State v. Redman(1992), 81 Ohio App.3d 821, 823. Therefore, its application does not negate the jury's finding of guilt on a charge, as the majority opinion implies.
As did the court in Jude, I find "the reasoning in Whitt persuasive." On that basis, I would affirm appellant's convictions and sentences for kidnapping and for corrupting another with drugs but would agree to vacate appellant's convictions for gross sexual imposition. Since the trial court ordered appellant's sentences on all the counts to be served concurrently, his sentence in the aggregate would not be affected. I would, accordingly, affirm the judgment of conviction and sentence as modified.