[Cite as *Toledo v. Molina*, 2018-Ohio-1240.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

     Appellee

v.

John Molina

     Appellant

Court of Appeals Nos. L-16-1293
L-16-1294

Trial Court Nos. TRC-16-11140
TRC-16-11139

**DECISION AND JUDGMENT**

Decided:  March 30, 2018

* * * * *

David Toska, City of Toledo Chief Prosecutor, and
Henry Schaefer, Assistant Prosecutor, for appellee.

Laurell A. Kendall, for appellant.

* * * * *

**SINGER, J.**

**{¶ 1}** This is a consolidated appeal in which appellant, John Molina, challenges the November 29, 2016 judgments of the Toledo Municipal Court, where he was sentenced for violating R.C. 4511.19(A)(1)(a) and (A)(2).  Because we find the trial court

failed to properly merge the offenses pursuant to R.C. 4511.19(C), we vacate the sentences and remand.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

I. Did the court properly merge the two offenses for which appellant was convicted, and if so, which offense was used as a basis for sentencing?

II. Did the court commit plain error when it sentenced appellant to (sic) pursuant to O.R.C. 4511.19(A)(1)(a), when the sentencing transcript says appellant was sentenced for R.C. 4511.19(A)(2)?

## Background

{¶ 3} On April 23, 2016, at approximately 2:00 a.m., appellant was traveling on Cherry Street in Toledo, Ohio. Trooper Casimir Vonsacken, the arresting officer, was patrolling the area and noticed appellant weaving within the lane in which he was driving. Appellant then stopped at a traffic light with his front wheels beyond the stop bar. Upon accelerating through the light, appellant swayed into another lane almost causing an accident.

{¶ 4} The officer signaled for appellant to pull over, which he did. The officer approached appellant's window and made numerous observations that indicated appellant was intoxicated. Appellant was arrested and taken to Lucas County Jail to be booked.

2.

**{¶ 5}** The officer reported that at the jail he offered appellant a chemical test, and that appellant was shown, read and advised regarding the consequences of refusing the test. Appellant refused the test.

**{¶ 6}** Appellant was booked and charged with driving under the influence (DUI) in violation of R.C. 4511.19(A)(1)(a), committing marked-lane violations under R.C. 4511.33(A)(1), and operating a vehicle without a seatbelt under R.C. 4513.263(B)(1). These charges were brought under case No. TRC-16-11140. Appellant was also charged with refusing testing with a prior DUI within 20 years in violation of R.C. 4511.19(A)(2), and this charge was brought under case No. TRC-16-11139. Appellant pled not guilty to all charges.

**{¶ 7}** After unsuccessful plea negotiations, the cases proceeded to a jury trial.

**{¶ 8}** The jury reached a guilty verdict as to the DUI and chemical test refusal charges. The court found appellant guilty of the driving-in-marked-lanes violation but not guilty of the seatbelt violation. A presentence investigation report (PSI) was ordered and sentencing was scheduled.

**{¶ 9}** Appellant was sentenced on November 29, 2016. The sentence for case No. TRC-16-11140 (the DUI violation) was stated in the docket as follows: "Defendant sentenced to 180 days in [CCNO]. 180 days suspended. Sentenced is merged with TRC-16-11139. Same incident, 2 separate citations."

**{¶ 10}** For case No. TRC-16-11139 (the refusal), the docket reflects as follows: "Defendant sentenced to pay $525.00 fine and costs. Defendant sentenced to 180 days in

3.

[CCNO], to be served as follows:  10 days CCNO and 36 days EMU.  Indigent for EMU.

Balance suspended."

{¶ 11} The corresponding sentencing entries were journalized on November 29, 2016, and appellant now timely appeals.

**Assignment of Error No. I**

{¶ 12} Appellant first asserts appellee did not specify which charge it was pursuing and, as a result, the court erred in failing to merge the convictions.  Appellee concedes it failed to specify which count it was pursuing and, in turn, that the court failed to specify under which violation appellant was convicted and sentenced.

{¶ 13} R.C. 4511.19(C) states "[i]n any proceeding arising out of one incident, a person may be charged with a violation of division (A)(1)(a) or (A)(2) and a violation of division (B)(1), (2), or (3) of this section, but the person may not be convicted of more than one violation of these divisions."  *See*, *e.g.*, *State v. Mason*, 5th Dist. Stark No. 2012 CA 00075, 2012-Ohio-5463, ¶ 31.

{¶ 14} Further, R.C. 2941.25(A) provides that, "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."  *Id*. at ¶ 32.

{¶ 15} "R.C. 2941.25, the allied offense statute, is simply a sentencing vehicle." *State v. Redman*, 81 Ohio App.3d 821, 823, 612 N.E.2d 416 (12th Dist.1992).  "The prosecution sooner or later must elect as to which of the allied offenses it wishes to

4.

pursue." *Id*. "The choice is given to the prosecution to pursue one offense or the other, and it is plainly the intent of the general assembly that the election may be of either offense." *Id*.

{¶ 16} "[A] trial court's failure to merge allied offenses of similar import constitutes plain error." *Mason* at ¶ 36, quoting *State v. Fairman*, 2d Dist. Montgomery No. 24299, 2011-Ohio-6489. "As a result, we 'must reverse the judgment of conviction and remand for a new sentencing hearing at which the [prosecution] must elect which allied offense it will pursue against the defendant.'" *Id*., quoting *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182.

{¶ 17} Here, we need not apply the usual analysis pursuant to R.C. 2941.25(A) to determine if appellant was charged with allied offenses of similar import, triggering merger, as R.C. 4511.19(C) has given direction for merger when both R.C. 4511.19(A)(1)(a) and (A)(2) are charged.

{¶ 18} The record reflects appellee did not elect under which division it was seeking to convict appellant as required by statute and appellee concedes this fact. The sentencing transcript reveals the trial court recognized this issue, in open court, as follows:

> As to TRC-16-11140, that is the (A)(1)(a) count. That merges with TRC-16-11139. I'm not sure why they charged you separate cases. As to this case, you are sentenced to 180 days in jail. Your days will be served as

5.

follows: You will serve ten days at CCNO, followed by 36 days under house arrest; ankle monitor.

{¶ 19} The trial court attempted to merge the violations at sentencing. *See* R.C 4511.19(C). However, appellant was sentenced for both violations. Thus, remand for appellee's election of charge and the trial court's resentencing on that charge is necessary. Appellant's first assigned error is well-taken.

## Assignment of Error No. II

{¶ 20} As to appellant's second assignment of error, we note a possible confusion with the sentencing entries. However, we agree with appellee that this assigned error is moot and need not be addressed because the first assigned error is well-taken.

## Conclusion

{¶ 21} The November 29, 2016 judgments of the Toledo Municipal Court are vacated. This consolidated matter is remanded for appellee to select the violation for which appellant will be sentenced and, subsequently, for the trial court to properly merge the cases and sentence appellant pursuant to R.C. 4511.19(G)(1)(b). Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments vacated and
consolidated matter remanded.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Thomas J. Osowik, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE