DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, David E. Merkle, appeals his conviction in the Lorain County Court of Common Pleas. We affirm.
 I.
Mr. Merkle was a regular customer at Ann Andy's, a local drinking establishment in Lorain County, Ohio. On the evening of October 3, 1997, Mr. Merkle saw a light on in Mr. Perron's print shop and, as Mr. Perron had recently had a heart attack, Mr. Merkle decided to stop and talk with him. Mr. Merkle shared a sandwich with Mr. Perron and then left the print shop at around 10 p.m. He proceeded to Ann Andy's. He partook of beer at Ann Andy's. The bartender and waitress testified that Mr. Merkle consumed little if any alcohol and was not intoxicated, while another bar patron testified that Mr. Merkle consumed at least six or seven beers. After midnight on October 4, 1997, Mr. Merkle left Ann Andy's with Ms. Kidd, another patron of Ann Andy's.
Later, on the morning of October 4, 1997, Mr. Merkle and Ms. Kidd were on Station Road, proceeding toward Mr. Merkle's home. At around 2 a.m., Mr. Merkle passed over raised railroad tracks on Station Road. Approximately 590 feet down the roadway, Mr. Higgins was stooped over in the roadway picking up some items, which he had dropped. Mr. Higgins was legally intoxicated and had been riding his bicycle which, at this point, was either standing upright next to him or laying at the side of the roadway. After traversing the 590 feet, Mr. Merkle struck and killed Mr. Higgins with the Chevy Cavalier, which Mr. Merkle was driving. Mr. Merkle then pulled into a driveway just past the accident scene, striking a vehicle which was for sale and parked near the edge of that driveway. After this second incident, Mr. Merkle proceeded to his home with Ms. Kidd, where they engaged in sexual relations.
The next morning, after hearing from his neighbor that the State Highway Patrol was looking for him in connection with Mr. Higgins' death, Mr. Merkle surrendered to the police. Mr. Merkle was indicted by the Lorain County Grand Jury on January 20, 1999 on seven counts: (1) operating an automobile under the influence of alcohol, in violation of R.C. 4511.19(A)(1); (2) failing to maintain a safe assured clear distance in which he could bring his vehicle to a stop, in violation of R.C.4511.21(A); (3) reckless operation of a motor vehicle, in violation of R.C. 4511.20; (4) aggravated vehicular homicide, in violation of R.C.2903.06(A); (5) involuntary manslaughter, in violation of R.C. 2903.04(B); and (6) two counts of leaving the scene of an accident, in violation of R.C. 4549.02. The case was tried to a jury on February 7 through 10, 2000. On February 10, 2000, the jury returned its verdict, finding Mr. Merkle guilty on all counts. Mr. Merkle was sentenced accordingly. This appeal followed.
 II.
Mr. Merkle asserts seven assignments of error. We will address each in turn, consolidating his first and second as well as his fourth and fifth assignments of error to facilitate review.
 A. First Assignment of Error THE PROSECUTOR COMMITTED NUMEROUS INSTANCES OF PROSECUTORIAL MISCONDUCT THAT DENIED MERKLE A FAIR TRIAL.
 Second Assignment of Error THE COURT ERRED IN ITS LIMITING INSTRUCTION BY NOT INFORMING THE JURY OF THE FACTS BEHIND THE INSTRUCTION.
Mr. Merkle avers that the prosecutor committed numerous instances of misconduct that denied him a fair trial. Further, he asserts that the trial court's limiting instruction was not adequate to correct the prejudicial effect of the prosecutor's misconduct. We disagree.
In reviewing allegations of prosecutorial misconduct, this court must bear in mind that the "`touchstone of due-process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor.'" State v. Hill (1996), 75 Ohio St.3d 195,203, quoting Smith v. Phillips (1982), 455 U.S. 209, 219, 71 L.Ed.2d 78,87. Prosecutorial misconduct will not serve as grounds for reversal unless the defendant was denied a fair trial. State v. Maurer (1984),15 Ohio St.3d 239, 266. The defendant must prove that the prosecutor's comments were improper and that they prejudicially affected his or her substantial rights. State v. Smith (1984), 14 Ohio St.3d 13, 14.
Mr. Merkle asserts that he was denied a fair trial due to prosecutorial misconduct. He points to three instances of misconduct: (1) over objection, the prosecutor impeached Mr. Crawford, Mr. Merkle's expert witness, on a basis which the prosecutor had apparently created through his own actions; (2) over objection, the prosecutor impeached Mr. Crawford's testimony regarding whether Mr. Higgins could be seen from the railroad tracks by referencing the Grand Jury's visit to the scene and its having been able to see Mr. Higgins' location from the railroad tracks; and (3) without objection, in his closing argument, the prosecutor attempted to explain his decision to wait over one year before charging Mr. Merkle by referencing his good faith in deciding to prosecute Mr. Merkle.
Assuming arguendo, that the prosecutor's comments at trial and in closing arguments constituted prosecutorial misconduct, we find that they did not rise to the level of prejudicial misconduct and did not deprive Mr. Merkle of a fair trial. Mr. Merkle admitted that he could see Mr. Higgins from the raised railroad tracks, a distance of well over 500 feet. Further, the trial court gave a limiting instruction that minimized the prejudicial affect of the prosecutor's statements. Finally, Mr. Merkle had consumed alcohol that evening and fled the scene of the accident. Hence, we cannot conclude that Mr. Merkle did not receive a fair trial. Mr. Merkle's first assignment of error is overruled.
We also cannot find that the trial court erred in its limiting instruction. The scope of the limiting instruction was broad, requiring the jury to disregard the offending testimony. Moreover, the trial court gave the instruction at the end of the witness's testimony. "A jury is presumed to follow the instructions given to it by the trial judge." Statev. Stallings (2000), 89 Ohio St.3d 280, 286. Accordingly, Mr. Merkle's second assignment of error is overruled.
 B. Third Assignment of Error THE COURT ERRED, IN VIOLATION OF CRIM.R. 16(C)(1)(b), when it INSTRUCTED the defendant to turn his EXPERT report over to the state PRIOR TO THE STATE TURNING ITS EXPERT REPORT OVER TO THE DEFENDANT.
Mr. Merkle avers that he was prejudiced by the State's failure to timely provide him with its trial expert's report. He avers that the trial court gave the State until two weeks after November 24, 1999 — when Mr. Merkle was to provide the State with his expert's report — to supply Mr. Merkle with the State's expert reports. Further, he argues that the State supplied him with its expert report on February 1, 2000, only five days before trial. He avers that he was unfairly prejudiced by the State's conduct. We disagree as we conclude that the witness rendered only lay observations.
A non-expert witness may testify regarding his or her observations so long as he or she does "not draw any conclusions based on those observations." Figueroa v. Toys-R-Us Ohio, Inc. (Apr. 3, 1997), Cuyahoga App. No. 70463, unreported, 1997 Ohio App. LEXIS 1329, at *7; see, also, Evid.R. 701.
 Evidence of an out-of-court experiment is admissible if there is a substantial similarity between the conditions existing when the experiment was conducted and those existing at the time of the occurrence in dispute. Dissimilarities between the out-of-court experiment and the occurrence, when not so marked as to confuse and mislead the jury, go to the weight rather than the admissibility of the evidence. Where the experiment, however, vastly differs from the actual occurrence, the trial court abuses its discretion in admitting such evidence.
(Citations omitted.) Figueroa, supra, at *8. Further, "[t]he decision to classify a particular witness as an expert or a lay witness is a matter within the sound discretion of the trial court." Paul v. Moore (1995),102 Ohio App.3d 748, 753. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In the instant case, Mr. Merkle timely supplied the State with a copy of his expert's report. Mr. Merkle, however, argues that the report supplied to him by the State on February 1, 2000 was the State's expert report, and hence, was untimely.
Sergeant Pressler of the Ohio State Highway Patrol authored the report in question. It described an experiment conducted by Sergeant Paris, Trooper Torres, Sergeant Pressler, and Prosecutor Rosenbaum in which Trooper Torres was dressed all in black and stood at the point in the road where crash debris had been found. Sergeant Paris and Prosecutor Rosenbaum then drove down the roadway at 40 m.p.h. to determine when they could first perceive Trooper Torres. They first observed an object in the roadway at 411 feet and found Trooper Torres' form to be completely distinguishable at a distance of 171 feet. However, this experiment and report was not the basis of testimony adduced by the State at trial. Mr. Merkle objected to the timeliness of this report just prior to the testimony of Trooper Fontanez — who testified regarding the experiment discussed below.
Another experiment was conducted by Trooper Paris, in which a mannequin was placed in the roadway and Mr. Humphries, a photographer with the State Highway Patrol, photographed what could be seen from a vehicle coming down the roadway at different distances. It is in regard to this experiment that Trooper Paris testified to braking distances and avoidability, after being qualified as an expert. However, Mr. Merkle only objected to Trooper Paris' qualification as an expert at this point in the proceedings, rather than reiterating his previous objection to the timeliness or existence of the State's expert report and clearly waived his objection to the timeliness of the State's expert report.
At trial, Mr. Merkle initially raised the issue of the State's expert report just prior to Trooper Fontanez's testimony. Trooper Fontanez testified that he could see the mannequin, which had been placed in the roadway in approximately the same position as Mr. Higgins, when he was approximately 340 feet distant from it. We conclude that his testimony was appropriate for a lay witness as he testified in regard to his observations rather than a conclusion based on an experiment. Hence, he was not an expert witness and Mr. Merkle's complaint in regard to not having timely received an expert report is not well taken. Therefore, we cannot conclude that the trial court abused its discretion in receiving the testimony complained of as lay witness testimony. Accordingly, the State need not have submitted an expert report, and the trial court did not err in allowing Trooper Fontanez to testify despite the State's failure to provide an expert report regarding his testimony.
Later testimony, which was based on Trooper Paris' expertise, was received without objection after Trooper Paris was qualified as an expert. However, no expert report was provided regarding Trooper Paris' testimony regarding stopping distances. Loc.R. 14.1(C) of the Court of Common Pleas of Lorain County, General Division, provides that "[a]ll experts must submit reports." Further, "[t]he party with the burden of proof as to a particular issue shall be required to first submit expert reports as to that issue." Loc.R. 14.1(A) of the Court of Common Pleas of Lorain County, General Division. Finally, "[a] party may not call an expert witness to testify unless a written report has been procured from the witness and provided to opposing counsel." Loc.R. 14.1(B) of the Court of Common Pleas of Lorain County, General Division. Here, the State submitted a report by Sergeant Pressler, who did not testify at trial, but submitted no report regarding the experiment Trooper Paris conducted with the mannequin or regarding Trooper Paris' expertise in determining stopping distances. However, there was no specific objection to the lack of such a report in regard to Trooper Paris but only to his qualification as an expert. Therefore, we can only take notice of the error if it rises to the level of plain error. Crim.R. 52(B). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In order for this court to apply Crim.R. 52(B), it must be clear that the outcome of the trial would have been different but for the alleged error. See State v. Lane (1995), 108 Ohio App.3d 477, 482. Upon review of the evidence and record herein, we cannot conclude that the outcome of the trial would have been different had the State submitted an expert report regarding Trooper Paris' expertise in determining stopping distances. Accordingly, Mr. Merkle's third assignment of error is overruled.
 C. Fourth Assignment of Error THE COURT ERRED WHEN IT FAILED TO GRANT DEFENDANT'S MOTION TO DISMISS THE INDICTMENT FOR DRIVING UNDER THE INFLUENCE OF ALCOHOL AND RECKLESS OPERATION IN ACCORDANCE WITH RULE 29 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
 Fifth Assignment of Error THE CONVICTIONS FOR DRIVING UNDER THE INFLUENCE AND RECKLESS OPERATION CANNOT BE SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE.
Mr. Merkle avers that the State adduced insufficient evidence at trial regarding the charges of driving under the influence of alcohol and reckless operation of a motor vehicle. Hence, he asserts that the trial court should have granted his Crim.R. 29 motion to dismiss these counts and that his conviction on these counts was based on insufficient evidence. We disagree.
"The test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Leggett (Oct. 29, 1997), Summit App. No. 18303, unreported, at 3-4. We must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id. at 4. "In essence, sufficiency is a test of adequacy."State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. Hence, essentially, assigning insufficiency of the evidence on appeal raises the same issues and implicates the same analysis as does assigning error to the trial court's denial of a Crim.R. 29 motion for acquittal. State v. Kellwood (Dec. 27, 2000), Medina App. No. 3069-M, unreported, at 5, fn. 1.
One is guilty of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1), if one "operate[s] any vehicle, streetcar, or trackless trolley within this state, if * * * [t]he person is under the influence of alcohol[.]"
One is guilty of reckless operation of a motor vehicle, in violation of R.C. 4511.20, if one "operate[s] a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard of the safety of persons or property."
 A person may be found guilty of violating R.C. 4511.20 if he acts willfully. Such conduct implies an act done intentionally, designedly, knowingly, or purposely, without justifiable excuse. Or, conversely, R.C. 4511.20 is violated when a person acts wantonly in disregard of the safety of others. A wanton act is an act done in reckless disregard of the rights of others which evinces a reckless indifference of the consequences to the life, limb, health, reputation, or property of others. Similarly, when the operator of a vehicle, with full knowledge of the surrounding circumstances, recklessly and inexcusably disregards the rights of other motorists, his conduct may be characterized as wanton.
(Citations omitted.) State v. Earlenbaugh (1985), 18 Ohio St.3d 19,21-22.
Construing the evidence in a light most favorable to the State, the evidence adduced at trial regarding Mr. Merkle's having operated a vehicle under the influence of alcohol was that he consumed at least six beers in the hours immediately prior to the time of the accident. Further, Mr. Young, another patron of Ann Andy's, testified that Mr. Merkle was "almost drunk," "stumbling around," and affirmed that Mr. Merkle was "under the influence of what he was drinking" at approximately 11:30 p.m. the night of October 3, 1997. Hence, we cannot conclude that there was insufficient evidence adduced at trial in regard to the driving under the influence charge.
The reckless operation charge is also supported by sufficient evidence when the evidence adduced at trial is viewed in a light most favorable to the State. Mr. Merkle admitted to seeing Mr. Higgins in the roadway when Mr. Merkle crested the railroad tracks. The distance from the railroad tracks to where Mr. Higgins was struck was approximately 590 feet. We conclude that the jury could have found Mr. Merkle's act of traveling approximately 590 feet down a roadway at 40 m.p.h. after seeing Mr. Higgins in the roadway and then striking Mr. Higgins constituted a wanton act and perhaps even a willful act. Accordingly, we conclude that Mr. Merkle's convictions on these two counts were not against the manifest weight of the evidence and that the trial court did not err in overruling Mr. Merkle's motion to dismiss. Mr. Merkle's fourth and fifth assignments of error are overruled.
 D. Sixth Assignment of Error THE CONVICTIONS FOR DRIVING UNDER THE INFLUENCE AND RECKLESS OPERATION CANNOT BE SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
Mr. Merkle avers that his convictions for reckless operation and driving under the influence were against the manifest weight of the evidence. We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
Mr. Merkle challenges Robert Young's credibility because his testimony as to the course of events and the barmaid's name was contradicted by other witnesses called by Mr. Merkle in his defense. He avers that the witnesses called in his defense were more credible. However, it is the province of the jury to adjudge the credibility of witnesses. There was evidence presented that Mr. Merkle consumed numerous beers in the hours proceeding the accident. Further, given the distance at which Mr. Merkle admitted that he saw Mr. Higgins, there was circumstantial evidence that Mr. Merkle was impaired by alcohol and acting wantonly. Therefore, upon thorough review of the record, we cannot say that the jury lost its way and carried out a miscarriage of justice by finding Mr. Merkle guilty of reckless operation and driving under the influence. Accordingly, we cannot conclude that Mr. Merkle's convictions on these counts were against the manifest weight of the evidence. Mr. Merkle's sixth assignment of error is overruled.
 E. Seventh Assignment of Error THE DEFENDANT'S CONVICTION FOR INVOLUNTARY MANSLAUGHTER PREDICATED UPON A MINOR MISDEMEANOR STRICT LIABILITY TRAFFIC OFFENSE VIOLATES EQUAL PROTECTION.
Mr. Merkle avers that his conviction for involuntary manslaughter based on his commission of a traffic offense that is a minor misdemeanor and requires the State to prove no culpable mental state violates his right to equal protection of the law. We find his argument to be moot as he was sentenced only on the charge of aggravated vehicular homicide, which requires a culpable mental state.
In its sentencing memorandum, the State conceded that aggravated vehicular homicide and involuntary manslaughter are allied offenses of similar import. The State elected that Mr. Merkle be sentenced only on aggravated vehicular homicide, which the trial court did in its February 23, 2000 sentencing entry. "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." R.C. 2941.25(A). The prosecution may choose which allied offense of similar import it wishes to pursue after trial. State v. Redman (1992), 81 Ohio App.3d 821, 823-24. Here, the State chose to pursue the aggravated vehicular homicide charge; hence, we conclude that any error with regard to the basis of the involuntary manslaughter charge is moot. Accordingly, we decline to address this issue.
 III.
Mr. Merkle's first through sixth assignments of error are overruled. His seventh assignment of error is rendered moot by the State's decision not to pursue the involuntary manslaughter charge. The verdict of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
BAIRD, J., SLABY, J., CONCUR